# Wailes *v.* Howison.

*Action on Written Contract for Sale of Optional Rights.*

1. *Written contract construed for sale of optional rights to lands.*—A written instrument in these words, "This indenture witnesseth, that for and in consideration of $100 in hand paid, the receipt of which is hereby acknowledged, W. [plaintiff] has delivered H. [defendant] the following mineral rights, or options to land," specifying the names of several persons and number of acres in each option, "upon consideration that, if the said H., or his assigns, shall pay or cause to be paid to said W. the sum of $10,000 within twenty days, then all the rights which are possessed by said W. by reason of said options shall accrue to, and said options become the property of said H. or his assigns; and the said H. hereby obligates himself to pay W. the sum of $10,000, or to return to him the said options within thirty days from this date,"—is not a contract of "sale or return," but only gives the defendant the privilege, for twenty days, of becoming the purchaser of the optional rights by paying $10,000; and on his failure to pay the money, or to return the optional contracts, which were indorsed and delivered to him at the time, within thirty days afterwards, the plaintiff can not hold him liable as on an absolute promise to pay $10,000.

APPEAL from the Circuit Court of Bibb.

The record does not show the name of the presiding judge.

PETTUS & PETTUS, for appellant, cited *Willard v. Tayloe,* 8 Wall. 557; *Moore v. Sweet,* 16 Ad. & El., N. S., 493; 3 Eng. Law & Equity, 311; 16 East, 45; *Dearborn v. Turner,* 16 Me. 17; 1 Parsons Contracts, 339, 5th ed.; *Reese v. Beck,* 24 Ala. 651; *Nesbitt v. Pearson,* 33 Ala. 668; 9 Porter, 122; *Plowman v. Riddle,* 7 Ala. 775; *Weaver v. Lapsley,* 42 Ala. 601; *Blackman v. Dowling,* 63 Ala. 304, and 70 Ala. 303; *Love v. Simmons,* 10 Ala. 113.

[Wailes v. Howison.]

LEA & BELL. *contra.*

COLEMAN, J.—Appellant Wailes brought suit to recover ten thousand dollars, upon the following written contract: "This indenture witnesseth, that for and in consideration of one hundred dollars in hand paid, the receipt of which is hereby acknowledged, Wm. E. Wailes has delivered Allen P. Howison the following mineral right, or options to land, viz., N. C. Blake, A. F. Blake and M. J. Blake, two hundred and twenty acres of land; P. Wallace, D. Wallace and M. P. Wallace, to two hundred and twenty acres; M. P. Wallace, eighty acres; John Lowery and Jane E. Lowery, to two hundred and twenty acres; F. S. Lightsey, two hundred acres; said mineral rights all in the county of Bibb and State of Alabama; upon consideration that, if the said A. P. Howison, or his assigns, shall pay or cause to be paid to said Wm. E. Wailes the sum of ten thousand dollars ($10,000), within twenty days, then all the rights which are possessed by said Wailes, by reason of said options, shall accrue to, and said options become the property of said A. P. Howison, or his assigns, the said Wailes in no wise being responsible for warranty of titles, or further payment to former owners or landlords. And the said A. P. Howison hereby obligates himself to pay to Wailes the sum of ten thousand dollars, or to return to said Wailes the within described options, within thirty days from this date. Dated January 31st, 1887."

The declaration sets out the contract in full, and avers "that said five options named in said contract sued on were duly transferred by indorsement on the back of each of the said options by the plaintiff, and delivered to the defendant, on to-wit, the 31st of January, 1887, and that said defendant failed to return the said options so transferred to him, to the plaintiff, within thirty days from the date of the contract, &c., whereby the obligation to pay ten thousand dollars became and is absolute, &c. There are two counts to the complaint, but both raise substantially the same legal proposition. The court sustained a demurrer to the complaint, and the plaintiff declining to amend, final judgment was rendered for the defendant, and the cause appealed to this court.

The contract, the foundation of the suit, being in writing, its construction is a matter of law for the court. In construing a contract, the court should ascertain the intention of the parties as far as possible, and give force and effect to every material stipulation, covenant and condition expressed in the writings. It is insisted by appellant, that the contract is one of "sale or return." The bargain called "sale or return" has

been defined to be a "sale with a right on the part of the buyer to return the goods at his option within a specified time, or, when no time is specified, within a reasonable time."—*Moss v. Sweet*, 16 Q. B. 493; Benjamin on Sales, 442. To make a bargain of "sale or return," it is indispensable that there be a sale. As a general proposition, in order to constitute a sale, there must be a delivery of the thing sold, with the intention of passing the "title;" and it is contended that the indorsement of the options at the time of their delivery were intended to, and did pass the legal title to the transferree, and constituted a bargain of "sale or return," leaving in the grantor the option to return within thirty days.

Mr. Story lays down the rule, that in "all cases where credit is not given, or where the delivery is not intended by the parties to be absolute, a mere parting with the goods will not of itself constitute an absolute delivery."—Story on Con. § 804. The written indorsements of the options, without condition, passed the title; and if the transferree, with the evidence of ownership and title in his possession, had sold the option to third innocent parties for a valuable consideration, no doubt the purchasers would be fully protected; but the principles of law applying for the protection of innocent third persons can not be invoked by a grantee against his grantor. As between the grantee and grantor, their respective rights depend upon contract between them, and the contract must be so construed as to effectuate the intention.

Construing the contract as between the parties themselves, do the indorsements, when construed with the agreement, show a sale and delivery of the mineral right and options for ten thousand dollars, which the purchaser had the option to annul, or rescind upon condition subsequent, by a "return," or do they show that the payment of the ten thousand dollars was a condition precedent to the sale, and that the transfer was subject to the condition? If the ten thousand dollars was the agreed price of the mineral rights, and the sale was concluded at that price, the question arises, for what consideration was the one hundred dollars in cash paid? If the parties intended the transaction to be a bargain of sale, by which the title passed, what force and effect is to be given to the following provisions of the contract: "For and in consideration of one hundred dollars in hand paid, Wm. E. Wailes has delivered the following mineral rights or options to land, viz., . . . upon the condition that, if the said A. P. Howison, or his assigns, shall pay or cause to paid to the said Wm. E. Wailes the sum of ten thousand dollars, within thirty days, *then* all the rights which are possessed by said Wailes, by reason of

said option, shall accrue to, and said options become the property of said A. P. Howison." There can be no doubt that this provision of the contract makes the payment of the ten thousand dollars a condition precedent, and as between the parties a sale of the mineral right and options was not intended, until its payment; for it is expressly provided that "then" (upon the payment of $10,000) the mineral rights *shall become* the property of Howison.

The payment of one hundred dollars was a sufficient consideration to uphold the purchase of the option for twenty days, and during that time Wailes could not revoke or rescind the offer of sale. During the twenty days it was optional with Howison, either to purchase the mineral rights by paying the ten thousand dollars, or decline the purchase. He had paid one hundred dollars for this privilege. A mere failure alone to pay within twenty days terminated his optional rights, and Wailes then could have compelled him to deliver up the option contract. It did not require a "return" to invest this right in Wailes. The complaint avers the contract was signed in duplicate.

The contract nowhere uses the word *sale*, or any term or statement of facts equivalent to a sale. The contract says, "delivered the following mineral rights." The indorsements on the option show that the legal title passed, not by the contract alone, but in connection with and by the indorsement. Construing the contract and the transfer by indorsement as if the transfer was incorporated in the contract, instead of being separately made, it is clear the parties did not intend by the transaction that the title to the mineral rights and options should pass so as to make it a sale, except upon the payment of the ten thousand dollars as a condition precedent, and which understanding and intention would prevent the transaction from being a bargain of "sale or return." The obligation to pay ten thousand dollars, or return the options within thirty days, did not extend the time within which Howison had the option to purchase. The agreement had definitely fixed this time at twenty days, and there is no provision for an extension of the twenty days to thirty days. The intention of the parties to the contract is not clearly expressed in the latter clause; but all that precedes it is easily understood, and free from uncertainty. The rule in construing contracts is, not only to examine the words in which the contract is expressed, but to consider the intention of the parties, the subject-matter, and the object intended to be accomplished; and if not clearly expressed, it is permissible to look at the effect or result of different constructions, with a view of ascertaining its intent.

[Evans v. Horton.]

*Williams v. Glenn*, 66 Ala. 189; 3 Brick. Dig. 148, § 101. And all its parts should be so construed as to give to each effect and validity (*Comer v. Bankhead*, 70 Ala. 136), and in case of "contradiction, ambiguity, or uncertainty," it is permissible to supply or reject words, to carry into effect the reasonable intention of the parties.—*Boykin v. Bank of Mobile,* 72 Ala. 270.

The contract can not be construed as extending the offer to sell for thirty days, or that the transfer and delivery of the mineral rights and options was intended to operate as a sale without the payment of ten thousand dollars as a condition precedent, or that the transaction was a bargain of "sale or return," without overthrowing and disregarding the clearly expressed meaning and words of the agreement.

Looking at the entire contract, we are satisfied that the parties never intended, and the contract is not, an absolute promise to pay ten thousand dollars as a bargain of "sale or return," or as liquidated damages for failing to return the options within thirty days.

There is no count in the complaint, as amended, which requires a further construction of the contract. The count to recover compensation as damages for a breach of the contract, counting upon the covenant as a penalty, was stricken out, and thereby eliminated that question from the pleadings. See *Hooper v. S. M. R. R. Co.*, 69 Ala. 535.

The demurrer to the complaint was well taken, and properly sustained.

Affirmed.