# Christian & Craft Grocery Co. v. Bienville Water Supply Co.

*Bill in Equity to compel Specific Performance of a Contract.*

1. *Contract to supply water and effect of optional provision; can be specifically enforced.*—A contract between a consumer and a water company in which the latter agrees to furnish to the former "water for the term of three years or longer, at the option of the" consumer, at specified and different rates for first and second year and at still a different rate "for third and subsequent years during which" the consumer "may desire such service under this contract," is one entire contract in which the option reserved to the consumer to take the water for a longer term than three years constitutes a part of the consideration of the contract, and is not void for indefiniteness of duration, and can not be revoked by the water company during the three years of service provided for in the agreement; and upon an election by the consumer during the three years, in such manner as to make the contract perfect and definite in all essential respects, that he will take the water for a longer term, a court of equity will, upon the company refusing to continue the service, specifically enforce the contract.

2. *Same; same; when election not sufficient.*—An election on the part of the consumer, under such a contract that he will "continue the service from month to month," or "for three years, reserving the right to elect, to continue the service for a further period," without specification or limitation as to the length of time, is invalid because too indefinite and uncertain, and can not be enforced in a court of equity.

3. *Bill to compel water company to supply water at a rate fixed by an expired contract.*—Where, without applying to the water company for

[Christian & Craft Grocery Co. v. Bienville Water Supply Co.]

service and offering to pay a reasonable and just compensation there-
for, a former consumer files a bill against the water company to com-
pel it to supply him with water, on the ground that it was its duty to
do so under its charter, and pays into court the amount of the rate
under a former contract, which, together with its option of renewal,
had expired months before the filing of the bill, such bill is without
equity, and can not be maintained.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WILLIAM H. TAYLOE.

This was a suit in the court of chancery of Mobile
county, commenced by the appellant against the appellee,
seeking to enforce the specific performance of an alleged
contract to furnish water as the motive power to run a
grist mill for appellant for three years, and longer at
appellant's option, and to enjoin the defendant from
abandoning the alleged contract. The contract was
made with Craft & Co., and the complainant, the Chris-
tian & Craft Grocery Co., was the successor in bus-
iness of Craft & Co. The defendant below demurred to
the bill, and the chancellor sustained the demurrer, but
gave the appellant leave to amend. Upon this, the
plaintiff below amended the bill, and to the bill as thus
amended, the defendant again demurred and also made
a motion to dismiss the bill for want of equity. The
facts of the case are sufficiently stated in the opinion.
The chancellor sustained the demurrer to the amended
bill, and also the motion to dismiss the bill for want of
equity, and ordered the bill dismissed. The complain-
ant appeals, and assigns this decree as error.

GREGORY L. & H. T. SMITH, for appellant.—Under
the general prayer for relief, the defendant is entitled to
whatever relief is appropriate to the case made by the
bill of complaint, and it in no way signifies that the
prayer specially seeks the enforcement of the contract.
*Munford v. Pearce*, 70 Ala. 452; *Driver v. Fortner*, 5 Port.
24; *Kelly v. Paine*, 18 Ala. 372; *May v. Lewis*, 22 Ala.
646; *Tyler v. Savage*, 143 U. S. 98.

The option was a part of a lease under which the Bien-
ville Water Supply Company received a designated sum
per annum, the amount of which was not determined by
the value of the use of the water for the first three years
alone, but by the total benefit to be derived by the com-

plainant.   In considering a contract, the whole contract
must be read.—*Wailes v. Howison*, 93 Ala. 375 ; *Comer v.
Bankhead*, 70 Ala. 136.   And a consideration paid by
one party, will be referred to the entire obligation as-
sumed by the other.—22 Amer. & Eng. Encyc. of Law,
1020.   Under this principle, it has been well settled that
an optional agreement to convey, or renew a lease, with-
out any corresponding covenant or obligation to pur-
chase or accept, and without any mutuality of remedy,
will be enforced in equity, because upheld by a consid-
eration, viz. : the entering into the lease by the other
party for the designated term.—*Hawralty v. Warren*, 18
N. J. Eq. 124; *Drum v. Harrison*, 83 Ala. 388 ; *Kerr v.
Day*, 14 Pa. St. 112 ; s. c. 53 Amer. Dec. 526 ; *Corson
v. Mulvany*, 18 Amer. Dec. 490, note ; 22 Amer. & Eng.
Encyc. of Law, 1020-1 ; 12 Amer. & Eng. Encyc. of Law,
1006.   And when the option is thus supported by a con-
sideration, it is a proper subject for a specific enforce-
ment by a court of chancery.—*Wilks v. Ga. Pac. Ry. Co.*,
79 Ala. 180 ; *Hanna v. Ingram*, 93 Ala. 483 ; *Ross v.
Parks*, 93 Ala. 155 ; *Wailes v. Howison*, 93 Ala. 378; *Wil-
lard v. Tayloe*, 8 Wall. 557 ; *Rogers v. Saunders*, 33 Amer.
Dec. 635.

By filing a bill, seeking the specific performance of the
contract, complainant meets the requirements as to mu-
tuality, by submitting himself to the performance of the
contract.—*Goodwin v. Lightbody*, 1 Dan. 455 ; *Moses v.
McClain*, 82 Ala. 375 ; *Borel v. Mead*, 2 Pac. Rep. 222 ;
*Gatchell v. Jewett*, 4 Me. (4 Green.) 350.

OVERALL, BESTOR & GRAY and T. A. HAMILTON, *contra*.
There was no error in sustaining the demurrer to the
original bill.   The contract provides for the furnishing
of water "for the term of three years or longer, at the
option of said Craft & Co.," and it also provides for the
payment of $300 per annum for the third and subsequent
years during which said Craft & Co., or their successors,
may desire such service under this contract.   The ap-
pellee has no option and no rights in the matter either to
refuse, change or carry on the contract. Under such con-
tract the appellant has the right to terminate said con-
tract at its pleasure, at least at the end of three years.
The contract gives the defendant no such right.   It is a
unilateral contract which can not be enforced by one

[Christian & Craft Grocery Co. v. Bienville Water Supply Co.]

party only. The law steps in and gives the appellee the right to end the contract also.—*McDevitt v. Lambert,* 80 Ala. 536 ; *Howard v. E. T., V. & G. R. R. Co.,* 91 Ala. 268 ; Bishop on Contracts, § 78 ; *Alworth v. Seymour,* 42 Minn. 526 ; 3 Amer. & Eng. Encyc. of Law, 845, note 1.

The contract and the option thereunder were too vague to be specifically·enforced in a court of chancery.—*Iron Age P. Co.v. W. U. Tel. Co.,* 83 Ala. 503 ; *McBryde v. Sayre,* 86 Ala. 462 ; *Ward v. Ward,* 90 Ala. 81 ; *Howard v. E. T., V. & G. R. R. Co.,* 91 Ala. 268 ; *Moon v. Crowder,* 72 Ala. 89 ; *Goodlett v. Hansell,* 66 Ala. 151 ; *Derrick v. Monette,* 73 Ala. 78 ; *McDevitt v. Lambert,* 80 Ala. 536.

The optional provision of the contract was without mutuality, and therefore could not be enforced. The proposed amendments to the bill were not sufficient to give it equity.—*Pitts v. Prowledge,* 56 Ala. 147 ; *Rapier v. Paper Co.,* 69 Ala. 476 ; *Swann v. Lindsey,* 70 Ala. 507 ; *Hinton v. Ins. Co.,* 63 Ala. 488 ; *Scott v. Ware,* 64 Ala. 174 ; *Jones v. Reese,* 65 Ala. 134 ; *Moore v. Alvis,* 54 Ala. 358 ; *Beavers v. Hardie,* 59 Ala. 570 ; *State v. Bright,* 76 Ala. 97 ; *Bolman v. Lohman,* 74 Ala. 510 ; *A. & A. R. R. Co. v. Ledbetter,* 92 Ala. 327.

COLEMAN, J.—The paramount question in the case is the proper construction of the contract between the parties. It is as follows :

"Mobile, Ala. July 15, 1890.

"This contract made and entered into the day and year first above written between John H. Turner, Supt., and the　Bienville Water Supply Co. of the first part, and Messrs. Craft & Co. (grocers), of the second part, all of the city of Mobile, Ala.

"The said parties of the first part agree to furnish the said parties of the second part the Bienville Water for the term of three years or longer, at the option of the said Craft & Co., or their successors, from the date first above· written, for a twenty-four inch (24-in) Little Giant improved water motor, to be used for running a grist mill, and to pay for the same· at the rate of two hundred and fifty dollars for the first· year, monthly in advance ; two hundred and seventy-five dollars for the second year, monthly in advance ; three hundred dollars per annum for the third and subsequent years during which said Craft & Co., or their successors, may desire

such service under this contract, provided said service is .
not increased.

"In witness whereof, the said Bienville Water Supply
Company have caused these presents to be legally, John
H. Turner, their superintendent and agent, and the said
Craft & Co. have signed these presents this 15th day of·
July, 1890.                                        .

Witness :                   Bienville Water Supply Co.
Wm. H. Tew.                 John H. Turner, Supt.
                            Craft & Co."

The water was supplied under the agreement for three
years, and just before the expiration of this period, the
Water Supply Company gave to the complainant the fol-
lowing notice :

"Mobile, Ala., March 25th, 1893.
"Messrs. Christian & Craft Grocery Co., Mobile, Ala.

Gentlemen :—The contract existing between yourselves
and this company for a water supply to a 24-inch water
·motor, expires on July 15th of this year. We shall de-
cline to renew the contract under the same terms, or con-
tinue the service beyond that date, and notify you thus
early in order to enable you to put in other power.

Respectfully yours,      ·
W. C. Pooley, Supt."

The complainant filed the present bill to enforce a con-
tinuance of the supply· of water under the agreement.
The question is, whether under this agreement the op-
tional provision to furnish the water for three years and
"longer," "or subsequent years" formed a part of one
entire contract and constituted a part of the considera-
tion which induced Craft & Co. to obligate themselves
to take the water for three years at the stated price. If
such was its character, we are of opinion that a court of
equity will uphold and enforce it, provided Craft & Co.
signified their election in due time, and in such manner
as.to make the contract perfect and definite in all essen-
tial respects.—*Wilks v. Pacific Railway*, 79 Ala. 185 ; *Ross
v. Parks*, 93 Ala. 153 ; *Wailes v. Howison*, 93 Ala. 375.
We do not agree with appellee that the optional pro-
vision was void because of indefiniteness as to duration.
It was left with Craft & Co. to elect and determine the
number of years they would take the amount of water at
three hundred dollars per annum, and upon the exercise
of this right or option in a legal way, the duration be-

came definite and fixed. We are unable to see upon what principle the agreement can be divided and held to contain one entire agreement to furnish the water for three years, and another separate and distinct option for a longer term. Both are contained in one instrument made at the same time, and both equally accepted and concluded by the signature of Craft & Co. We can not say that Craft & Co. obligated themselves to take the water for three years without regard to the optional agreement for a longer term. The principle is very similar to that declared in *Hawralty v. Warren*, 18 N. J. Eq. 126. The following authorities sustain this view also : 22 Am. & Eng. Encyc. of Law, pp 1020, 1021.; *Joy v. St. Louis*, 138 U. S. 50–1 ; *Burlington v. Burlington*, 53 N. W. Rep. 249. We are of opinion that the option continued during the three years for which Craft & Co. obligated themselves to receive the water and pay for it, according to the agreement and was not revocable during that time. Was the election made in such manner as to bind the Water Supply Company? We think not.

In the original bill, the only election made is "to continue the service from month to month," but for how long is not fixed, and in the amendment, the election is for "three years from the 15th of July, 1893, and reserves the right to elect to continue the service * . * * for a further period after the period covered by the election herein made." Nothing could be more indefinite and uncertain, than to elect to continue the service "from month to month," or than a "further period" without specification or limitation as to time. A contract which a court of equity will enforce, must be clear and specific in all its essential elements, and when labor or service is to be rendered, time is as an essential element as quantity or character. The contract concluded by the election is an agreement on the part of the water company to supply water for an indefinite time to the Craft Co., which company agrees to receive it for an indefinite period and to pay for the water received, per month at the rate of three hundred dollars per annum. A court of equity is without power to enforce such a contract. We are of opinion that Craft & Co. have forfeited the right to make an election which will bind the Water Supply Company, and so far as the optional feature of the agreement is concerned, it has ceased to exist.

On the 6th of March, 1894, the complainant amended its bill; and prayed relief upon the grounds of a duty owed by the Bienville Water Supply Company to furnish complainant with water independent of any contractual obligation. From our view of the case it is unnecessary to construe the provisions of the charter and determine the extent of its duties and obligations to supply water for motors and machinery, or other purposes than "domestic, sanitary and municipal wants." The duty here relied upon, arises entirely independent of the agreement set up in the original bill, and the case must be determined in this aspect as if there had been no agreement between the parties. The amendment to the bill was allowed some eight months after the expiration of three years stipulated in the agreement. The tender offered and paid into court by complainant was made under and in pursuance of rights claimed solely under and by virtue of the agreement. Any acceptance of the money by the respondent would have been in recognition of its obligation to supply the water under the agreement. This, it was not bound to do. We then have the case of complainant filing a bill to compel the Bienville Water Supply Company to furnish it water, in the first instance before applying to the company for water upon such terms as might be agreed upon, and without offering to pay what would be reasonable and just. Such a bill would be without equity. We are aware that the pleader has attempted to connect the duty to supply water under its charter with its contractual obligation growing out of the written agreement, by averment, but the case made by the amendment of March 6th, 1894, is distinct and independent of that made in the original bill for a specific performance of the agreement.

In any view we take of the case, we are of opinion that the original bill and as amended was without equity, and properly dismissed. The bill as amended should have been dismissed not absolutely, but without prejudice, and the decree so modified will be affirmed.

Modified and affirmed.