# Stevens v. Hertzler.

*Action on Written Contract.*

1. *Construction of contract for sale or return of stock; condition sul se-quent.*—H. contracted to sell S. stock in a corporation for a certain price within a certain time, at S's option. Subsequently H. delivered the stock to S., who executed a writing acknowledging the receipt of the stock, and stating that it was to be paid for "as per terms of" the optional contract, "or said stock to be returned by me to H. within the time specified in said contract." *Held*, that S's right to return the stock was a condition subsequent, the performance of which was subject alone to his election, and that, upon his failure to perform it within the time specified, the condition was discharged, and the promise to pay became absolute.

2. *Contract embodied in instrument which, in part, is a receipt; parol evidence not admissible to vary or modify terms of the contract.*—Where a person executed a written instrument acknowledging the receipt of certain stock, and promising to pay a certain price for the stock on the happening of an event therein specified, the fact that the instrument was a receipt so far as it acknowledged a delivery of the stock, which was not disputed, would not render the contract also embodied therein capable of alteration or modification by proof of prior or contemporaneous oral agreements.

3. *Plea putting in issue only the amount claimed in the complaint.*—Where the complaint claims a certain amount as due under a contract made by the defendant, a plea that the defendant did not assume to pay the exact sum sued for does not disclose a defense to the action.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was an action by John Hertzler, Jr., the appellee, against James R. Stevens, the appellant. The

amended complaint, on which the cause was tried, was as follows; "The plaintiff claims of the defendant the sum of $1,270.08, with interest thereon from the 16th day of January, 1894, due from the defendant to the plaintiff under the following state of facts : On or about the 8th day of January, 1894, the plaintiff, with others therein named, executed and delivered to the defendant a contract in writing in words and figures, as follows, to-wit : 'State of Alabama, Madison County.  Know all men by these presents that : Whereas, we, Henry P. Turner, John Hertzler, Jr., James R. Stevens, Jr., William Burritt, and H. & C..L. Toney,· a partnership composed of Harris Toney and Charles L. Toney, all of the county and State aforesaid, are desirous of selling our respective  and  separate  holdings  of  the  stock  of  the Hagey Hospital Association of Texas, a corporation duly organized and incorporated under the laws of the State of Texas ; and whereas we each own forty-nine (49) shares of said stock, of the par value of one hundred dollars each : Now, therefore, this instrument witnosseth that for and in consideration of the sum of ten dollars to us in hand paid by James R. Stevens, of the county and State aforesaid, and for divers other and valuable considerations, we do hereby covenant and agree with, and obligate ourselves to, the said James R. Stevens, his heirs and assigns, that we will, at any time within three months from the date of this agreement, sell, transfer, and deliver to the said James R. Stevens our respective shares of the stock in the said Hagey Hospital Association of Texas, a corporation duly organized and incorporated under the laws of the State of Texas, as aforesaid, at and for the agreed sum of twenty-five and 92-100 dollars per share.  In the event the said James R. Stevens should not avail himself of the option within the time specified, then these presents are to be void, and all parties hereto are to be discharged from any liability on account thereof.   Given  under our hands and seals, this 8th day of January, 1894.   H. P. Turner.   [Seal.]   Jno. Hertzler, Jr.   [Seal.]   J. R. Stevens, Jr.   [Seal.]   H. and C. L. Toney,  for  25 shares.   [Seal.]   H.  and  C. L. Toney, for 24 additional shares, if satisfactory to W. F. Baldridge.   [Seal.]   W. H. Burritt.   [Seal.]   Thereafter, and on or about the 16th day of January, 1894, the plaintiff, under the contract above set out, sold and

delivered to the defendant forty-nine shares of the capi-
tal stock mentioned in the contract above set out, and
thereupon the defendant executed and delivered to the
plaintiff an instrument in writing, in words and figures
as follows : 'Huntsville, Ala., Jan'y 16th 1894.  Re-
ceived of John Hertzler, Jr., (49) forty-nine shares of
the capital stock of the Hagey Hospital Association of
Texas, to be paid for as per terms of a contract duly
signed by said Hertzler, Jr., dated January the 8th,
1894, or the said forty-nine shares of stock to be returned
by me to said Hertzler within the time specified in said
contract.  J. R. Stevens.  Witness : Erskine Mastin.'
Said defendant wholly failed to return to the plaintiff,
within three months from the 8th day of January, 1894,
or within three months from the 16th day of January,
1894, said forty nine shares of said stock, or any part
thereof ; and has wholly failed and refused to pay to the
plaintiff the agreed price of said stock, to-wit : the sum
of twenty-five and 92-100 dollars per share ; and said
sum, together with the interest thereon, is still due and
owing by the defendant to the plaintiff."  The defend-
ant demurred to the amended complaint, on the follow-
ing grounds : "(1) It appears from the face of said
contract that there was no absolute promise on the part
of the defendant to pay said $1,270 to the plaintiff.
(2) It appears from said complaint that there was no
sale made by the plaintiff to the defendant of said stock,
but that the plaintiff only gave the defendant the privil-
ege for three months of becoming the purchaser of said
stock at the said price of $1,270. (3) The complaint
shows on its face that at the time of the delivery of said
stock it was not the intention of the plaintiff and the
defendant that the title should pass from the plaintiff to
the defendant upon the delivery, but only upon the pay-
ment by the defendant of said sum of $1,270. (4) That
the plaintiff, in and by his complaint, splits up and di-
vides a single cause of action, in this, that, in and by his
complaint, it appears that the cause of action, if any ex-
ists, is for the price specified in the contract set out in
the complaint of date January 8th, 1894, for all stock of
the Hagey Hospital Association proposed to be sold to
the defendent by the parties whose names are signed to
said contract."  The court overruled this demurrer, and
the defendant pleaded,—First, the general issue ; second,

"that he did not contract or assume to pay the plaintiff the sum of $1,270,08"; and several special pleas to the effect that said stock was not sold by the plaintiff to the defendant, but was delivered to the defendant under the distinct understanding and agreement that defendant was to receive said stock under bailment from the plaintiff, and as his agent to sell the same, under the terms and within the time specified in said contract of date January 8th, 1894. The court sustained plaintiff's demurrer, on the following grounds, to the second plea: "(1) Said plea does not state facts constituting a bar to the entire demand alleged in the complaint; (2) Said plea does not show that plaintiff is not entitled to recover against the defendant on the demand stated in the complaint; (3) said plea only puts in issue the amount of plaintiff's demand." Issue was joined on the other pleas. On the trial the plaintiff offered in evidence the contract and receipt as copied in the complaint, and, as a witness in his own behalf, testified that the forty-nine shares of stock in the Hagey Hospital Association of Texas were not returned to him by the defendant within three months from January 8, 1894, nor within three months from January 16, 1894, and that the defendant, Stevens, had never paid plaintiff for the stock. The plaintiff then rested his case. There was no evidence in conflict with the evidence offered by the plaintiff. The defendent offered to prove that the understanding between him and the plaintiff was not that the defendant was to buy said stock, but that the receipt was given, and the stock was delivered to the defendant by the plaintiff, in order that the defendant might take the stock with him to Texas, where he was going for the purpose of trying to negotiate a sale of all the stock for the parties in interest, so that he might be prepared, in the event of a sale, to deliver it at once; and that the stock was not turned over to the defendant as a purchase under said privilege or option, but for the purpose of selling it for the plaintiff and as his property. Testimony to this effect was sought to be elicited from several witnesses introduced by the defendant, but upon the plaintiff objecting to each of the questions tending to elicit such testimony, the court sustained the objection, and to each of these rulings the defendant separately excepted. Upon the introduction

[Stevens v. Hertzler.]

of all the evidence, the court, at the written request of the plaintiff, gave the general affirmative charge in his favor. The defendant excepted to the giving of this charge. There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as errors the several rulings of the trial court adverse to him.

HUMES SHEFFEY & SPEAKE, R.E. SPRAGINS, and TOMPKINS & TROY, for appellant. (Their brief did not come to the hands of the reporter.)

R. W. WALKER and TANCRED BETTS, contra.—(1.) A contract of "sale or return" is shown by the two instruments, taken together. On Stevens' failure to return the stock within the time specified, his liability to pay the price became absolute.—Crocker v. Gulliver,, 69 Am. Dec. 118, and cases there cited; 21 Am. & Eng. Ency. of Law, 647, 517, 518, 519; Foley v. Felrath, 98 Ala. 176; Tennessee River Transportation Co. v. Kavanaugh Bros., 93 Ala. 324. The condition in the contract construed in Wailes v. Howison,. 93 Ala. 375, was a condition precedent, not a condition subsequent, as in the contract now before the court. (2.) The paper of January 16, 1894, is both a receipt and a contract. So far as it is a receipt, it is not disputed. So far as it is a contract, its terms can not be varied or contradicted by parol evidence.—Bush v. Bradford, 15 Ala. 317; Wayland's Admr. v. Mosely, 5 Ala. 431; Merchants Dispatch Transportation Co. v. Furthman, 41 Am. St. Rep. 265; Van Etten v. Newton, (134 N. Y.) 30 Am. St. Rep. 630; Walker v. Clay, 21 Ala. 797; Pierce v. Tidwell, 81 Ala. 299; Williams v. Searcy, 94 Ala. 360; Wurtzburger v. Anniston Rolling Mills, 94 Ala. 640. (3) The ruling on the demurrer to the second plea is obviously correct. Furthermore, the defendant could not have been prejudiced by having that plea stricken out.

HEAD, J.—The writings--- the foundation of the present action—appear to us to be certain to every intent, excluding all ambiguity or doubt as to their import and meaning. The instrument of January 8th, 1894, assuming, as it recites, that the promise rested upon a valuable consideration, bound the plaintiff to sell, transfer and deliver to the defendant, at the lat-

ter's option, at any time within three months from its date, forty-nine shares of the specified corporate stock, then owned by the plaintiff, at the price of twenty-five 92-100 dollars per share. In order to the execution of the agreement, there were necessary, on the part of the defendant, an affirmative act giving notice to the plaintiff of the exercise of his option to purchase, and actual payment of the purchase price, within the time stipulated ; and, on the part of the plaintiff, a transfer and delivery of the shares to the defendant. Notice of the exercise of the option, accompanied by a tender of the purchase money, would have bound plaintiff to execute the contract, on his part, or respond in damages. Whether or not the promise was founded on a valuable consideration affected only the plaintiff's obligation to perform it. If it was a *nudum pactum*, it was competent, nevertheless, for plaintiff to carry it out if he chose to do so. On January 16th following, plaintiff delivered to defendant the specified shares, and the latter executed to the former the following instrument : "Huntsville, Ala. Jan'y 16th, 1894. Received of John Hertzler, Jr., (49) forty-nine shares of the capital stock of the Hagey Hospital Association of Texas, to be paid for as per terms of a contract duly signed by said Hertzler, Jr., dated January 8th, 1894, or the said forty-nine shares of stock to be returned by me to said Hertzler, within the time specified in said contract." It is observed that in the agreement of January 8th there was no recital or spiulation, express or implied, of, or for, a *delivery of the stock* to the purchaser, except in actual execution of a full and complete exercise of the option to purchase, within the time specified. A subsequent delivery, therefore, to, and its acceptance by, the defendant, within the time, uncontrolled by any further stipulation altering or limiting their effect, must necessarily be taken as an act in exercise and execution of the option to purchase, and not as a mere incident, and part of, the option itself. Such delivery is something that goes beyond, and evidences the exercise of the option— an act the defendant was not entitled to have performed, except upon such exercise, Now, keeping this principle in mind, we find, by the instrument of January 16th, that the stock was delivered to, and accepted by, the defendant, under the express agreement that he would

pay for the same, as per terms of the contract of January 8th. The delivery and acceptance of the stock having no other attribute than an election by the defendant to exercise the option, and performance—by plaintiff—of the agreement, the necessary import of the last agreement is that defendant did exercise the option; and, upon his promise to pay, time was given for payment, as shown by the agreement. It is true the promise was to pay or return the stock within the given time. Most obviously, the right to return was a mere condition of a sale. It was a condition subsequent, the performance or which would have rescinded defendant's obligation to pay the price. Its performance was subject alone to his election. The plaintiff was powerless to do any act to prevent or effectuate it. It must needs have been performed by the voluntary act of the defendant. Having failed to perform it, the condition was discharged, and the promise to pay became absolute.

The case is unlike that of *Wailes v. Howison*, 93 Ala. 375. There the delivery of the options, as they were called, was a part of the option to purchase itself. The provision to pay, or return the options, within thirty days, was considered in connection with other stipulations of the contract, notably, the provision that, "if the said A. P. Howison or his assigns shall pay or cause to be paid to the said Wm. E. Wailes the sum of ten thousand dollars, within thirty days, *then* all the rights which are possessed by said Wailes, by reason of said option, shall accrue to, and said options become the property of, said A. P. Howison;" and, upon the whole contract, its construction was that, to render it binding upon Howison, he must have made known his election to exercise the option within the designated time, unaffected by the fact that he had possession of the options. Here, the promise to pay was made in consideration of the new and independent act of delivery of the stock to the promisor, subject to be discharged by his affirmative act of returning the stock, within the stipulated time. For further elucidation of the principles we lay down, see the authorities collected on brief of appellee's counsel.

It is not material that the latter agreement was, in part, a receipt. As to delivery of the stock, it was a receipt. The delivery is not disputed. As to the terms and stipulations entered into by the parties, in consid-

[Wells, Admr., *et als.* v. American Mortgage Company of Scotland, Limited.]

eration of the delivery, it is a .contract, with its references, complete in itself, incapable of alteration or modification by prior or contemporaneous oral agreements. See authorities on brief of appellee's counsel.

It was not a defense to the action that defendant did not assume to pay the exact sum sued for. Besides, the second plea, if good, was no more than the general issue already pleaded, and defendant was denied no defense he could have made under it. The demurrer to that plea was not improperly sustained.

There is no error in the record, and the judgment is affirmed.