22 So.2d 508

**BESSEMER THEATERS, Inc., v. CITY OF
BESSEMER et al.**

6 Div. 352.

Supreme Court of Alabama.
June 7, 1945.

H. H. Sullinger, of Bessemer, for appellees.

Huey, Welch & Stone, of Bessemer, for appellant.

BROWN, Justice.

This appeal is from an order of the Honorable G. F. Goodwyn, Judge of the Circuit Court of Jefferson County, Bessemer Division, refusing the appellant's application for the issuance of a temporary injunction, "restraining them [The City of Bessemer and Robert Parsons, as Assistant Chief of Police for the City of Bessemer.] from arresting your Complainant's employes in charge of or engaged in the operation of the said theaters during the pendency of this cause. * * *."

The bill was filed by Bessemer Theaters, Inc., a corporation, organized under the laws of the State of Delaware, against the City of Bessemer, and its Assistant Chief of Police, alleging that complainant operates two theaters located on 19th Street and between Second and Third Avenues,

known as and operating under the names of the "Grand Theater" and "State Theater," and complainant is now and has been for several years engaged in operating said theaters "daily, including Sundays, as it had a lawful right to do under Title 14, Section 421, of the 1940 Code of Alabama."

While the bill alleges that complainant's office and principal place of business is in the City of Bessemer, Jefferson County, Alabama, it does not allege that it has qualified to do business in Alabama under the constitution and the statutes. Constitution 1901, § 232. The most that the bill alleges is that on the 17th of April, 1945, the City Council of the City of Bessemer passed ordinance No. 946, purporting to amend Section 6, Chapter 24 of the Code of Ordinances of the City of Bessemer, making it "unlawful for any theater, moving picture show, or other place of public entertainment to remain open or to operate within the City of Bessemer on Sunday," effective on the date of its adoption; that said ordinance is "invalid and void in that it violates and does not conform to Title 14, Section 421, of the 1940 Code of Alabama," in not submitting to the qualified electors of said city at the next election held for any purpose, primary, special, or general, on a special ballot, a separate question as to whether or not the act or acts prohibited shall be permitted or prohibited.

That on the first of May the City Council of the City of Bessemer passed another ordinance, No. 948, providing:

"1. That hereafter the operation of any moving picture show on Sunday in the City of Bessemer, Alabama, or within the police jurisdiction thereof is hereby prohibited.

"2. That hereafter it shall be unlawful for any person, firm or corporation to operate or to engage in the operation of any moving picture show on Sunday within the City of Bessemer, Alabama, or within the police jurisdiction thereof, whether admission is charged or not.

"3. That there shall be submitted to the qualified electors of the City of Bessemer, Alabama, at the next election held for any purpose, primary, special, or general, on a special ballot, a separate question as to whether or not the act hereinabove prohibited shall be permitted or prohibited.

"4. This Ordinance shall become effective upon its due adoption by the Council and publication as required by law."

The bill further alleges that said "Ordinance is unconstitutional and void in that it does not provide for a penalty or penalties for the violation of any of the provisions thereof notwithstanding the title of said ordinance states that such will be provided therein." That respondent Parsons, as Assistant Chief of Police, is in charge of the police department of the city and the police officers employed in said city, and the said Robert Parsons, as Assistant Chief of Police, and the police officers of said department may arrest, as such officers, for the violation of all ordinances of said City of Bessemer; that your complainant is informed and believes, and upon such information and belief, "avers that if your Complainant hereafter operates its theaters in the City of Bessemer on Sundays as it has a *lawful right* to do that your Complainant's employees in charge of and operating said theaters and all other employes engaged in the operation of said theaters will be arrested and placed in jail under and by virtue of said ordinances, one or both, which said arrest will so impair the operation of said theaters that the same will have to be closed on Sundays and that your complainant's property rights in said theaters and the use and enjoyment of said property and the rights thereunto appertaining and the conduct and operation of the business therein will be irreparably damaged and affected and for all such damage so sustained your Complainant has no adequate remedy at law to recover therefor." [Italics supplied.]

It is well settled in this jurisdiction that where property rights are involved and the unlawful enforcement of an ordinance will *involve irreparable loss,* equity will interfere to prevent such loss. Walker v. City of Birmingham et al., 216 Ala. 206, 112 So. 823, 825. But, under the authorities, facts must be alleged showing such irreparable loss or damages. In the cited case it was observed: "No criminal prosecution is alleged; but appellant has been refused a license, and his averment is that thereby his large investment in the necessary equipment of his dairy business and the good will of that business, built up by years of successful management and at great expense, will be destroyed—an averment of irreparable damage. The further averment, as we have already noted, is that, in refusing him a license, the board of health and its health officer and dairy inspector have acted arbitrarily, unreason-

ably, and without warrant. These averments in our judgment make a case for the interference of the court of equity."

Irreparable injury is not such an one as is beyond possibility of repair or beyond possibility of compensation in damages or is not necessarily great injury or great damage, but is that kind of injury to which a person should not be required to submit on the one hand and should not be allowed to be inflicted on the other. First National Bank v. Tyson, 133 Ala. 459, 474, 32 So. 144, 59 L.R.A. 399, 91 Am.St.Rep. 46. Mere allegations that damages will be irreparable are not sufficient to warrant the issuance of an injunction The facts must be averred. Bowling v. Crook, 106 Ala. 130, 16 So. 131; Kellar v. Bullington, 101 Ala. 267, 14 So. 466.

There is an absence of allegation in the bill showing that the complainant's said theaters were patronized on Sunday or the extent of such patronage. Nor does it appear from the allegations of the bill that the complainant had qualified to do business in the State of Alabama and had the right under the constitution and statutes to engage in said business at any time.

However, assuming that the complainant had qualified to do business in Alabama, the statute upon which he rests his right to operate such business on Sunday (§ 421, Tit. 14, Code 1940), expressly provides: "In any such city, the acts or any of them herein referred to may be prohibited by an ordinance passed by the governing body of such city. The governing body of such city must as a part of such ordinance provide that there shall be submitted to the qualified electors of such city at the next election held for any purpose, primary, special, or general, on a special ballot, separate questions as to whether or not the act or acts so prohibited shall be permitted or prohibited. If a majority of the qualified electors participating in such election shall vote in favor of permitting any one or all of the acts prohibited by such ordinance, such ordinance as to such act or acts shall thereafter be of no force or effect and such acts shall be lawful in such city and within the police jurisdiction thereof. * * *"

If it be conceded that the first ordinance, No. 946, was omissive in failing to provide for a submission to the electorate of the question as to whether or not it should be unlawful to operate theaters or picture shows in the City of Bessemer and the police jurisdiction thereof on Sunday, and

was therefore void, to warrant a reversal of the order of the circuit judge denying the temporary injunction, the other ordinance must also be declared void.

On the application to the judge for a fiat for the issuance of the temporary writ the matter was set down for hearing, and on the hearing the cause was submitted on behalf of the complainant upon the original bill, which was verified by affidavit, and on behalf of the respondents upon their answers, also verified by affidavit, and other evidence showing, among other things, that the City of Bessemer had adopted a Code of Ordinances, which constituted, with ordinances subsequently adopted, one system of laws for such city. Section 3 of said City Code is in the following words:

"Any person who violates any law or ordinance of the city or any provision or requirement thereof, or who violates any section or provision of this code, or who fails to comply with any requirement, regulation or provision of this code shall, upon conviction therefor, be punished by a fine not exceeding one hundred dollars or by imprisonment in the city jail, work house or house of correction or by a sentence to hard labor upon the street or public works for not exceeding six months, or by both fine and imprisonment; and, in the event the fine and costs are not presently paid or judgment confessed therefor in favor of the city with good and sufficient sureties with a waiver of exemptions as to personalty, the defendant shall be required to work out the fine and costs under the direction of the city authorities, allowing fifty cents for each day's service. No female shall be required to work on the streets of the city. The penalties provided in this section shall apply in all cases other than offenses for which a different penalty is specifically provided."

While it is generally held that the description or designation of an act as a crime or misdemeanor does not make it such unless provision is made for its punishment; nevertheless, one statute or ordinance may designate and declare the act to be unlawful, and another provide for its punishment. State v. Burchfield, 218 Ala. 8, 117 So. 483; Cooper v. City of Gadsden, 10 Ala.App. 609, 65 So. 715; Thompson v. City of Sylacauga, 30 Ala. App. 72, 200 So. 795; Bivins v. City of Montgomery, 13 Ala.App. 641, 69 So. 224; 22 C.J.S. pp. 77 and 78, Criminal Law § 25; 43 C.J. p. 253, § 252.

Section 3 of the Code of Ordinances provides that any person who violates any law or ordinance of the city or any provision or requirement thereof shall be punished as provided in said section 3, and further provides that the penalties provided in the section shall apply in all cases other than offenses for which a different penalty is specifically provided.

Our conclusion is that Ordinance No. 948 was a valid exercise of the power conferred on the City of Bessemer by § 421, Tit. 14, Code 1940, and under settled law the general provisions in the code of ordinances were sufficient as supplying the penalty for the violation of said ordinance. The application for the issuance of the temporary injunction was properly denied. City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591.

Affirmed.

THOMAS, J., concurs in the opinion and conclusion.

GARDNER, C. J., and FOSTER, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur in the conclusion