120 So.2d 693

### Nelson L. BRACKIN

v.

### Henry J. PORTER, Jr.

6 Div. 525.

Supreme Court of Alabama.

April 21, 1960.

Rehearing Denied June 2, 1960.

Edwin D. Ledford and Emond & Emond, Birmingham, for appellant.

Cabaniss & Johnston, Leigh M. Clark and L. Murray Alley, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a decree overruling demurrer to the bill of complaint.

**630**

After introducing the parties and showing that complainant is the owner of certain described property, which he and his family occupy as their home, the bill provides:

"Respondent Nelson L. Brackin owns property adjoining the above described property on the west; that during, to-wit, the month of July, 1955, the respondent commenced the construction of a residence on said property owned by him and since, to-wit, November, 1955, he and his family have occupied said residence as their home.

"That during the period of construction of said residence on the property of respondent, he, his family and invitees customarily, habitually and repeatedly often entered upon and crossed a strip of land fifteen (15) feet running east and west and twenty (20) feet running north and south in the southwest corner of said Lot 5 owned by complainant without the consent and against the objection and protest of complaint as a way of ingress to and egress from said premises owned by respondent; that since the construction of said residence and the occupancy thereof as a home by respondent, he, his family, invitees and others having occasion to go to the property of respondent have customarily, habitually and repeatedly often entered upon and crossed said strip of land as a way of ingress to and *egree* from the premises of respondent; that respondent has constructed a driveway for motor vehicles on his said premises leading to and from said strip of land and has thereby funnelled all vehicular traffic to and from his property over and through said strip of land of complainant; that said strip of land is not a way of necessity to respondent to and from his premises, for said property of respondent has much frontage on a public street or streets; that as a result of said conduct of respondent a large number of motor vehicles of respondent, his family and invitees are customarily, habitually and repeatedly often caused to traverse said strip of land owned by complainant and used by him and his family as a part of the premises upon which they seek to maintain a home; and that the use of said strip of land by complainant free of unwarranted use by others is essential to the quiet, comfortable and peaceable enjoyment of the premises of complainant as a home.

"That said property of complainant is considerably lower in altitude than said property of respondent; that in using said driveway constructed by respondent on his premises and entering therefrom said strip of land of complainant motor vehicles are traveling a declivitous course leading directly to said residence of complainant and his family located approximately seventy-five (75) feet from said strip of land; while so traveling at night the headlights of the motor vehicles shine directly upon said residence of complainant and within the rooms thereof; that usually said motorists steer the motor vehicles south as they pass through said strip of land while emerging from the property of respondent and thereby proceed to and through an alley leading to a public street but they do not always succeed in doing so; that often they fail to properly negotiate a turn in direction and proceed further into complainant's property and toward the residence of complainant and his family, giving the appearance to complainant and his family and creating an apprehension on their part that such motor vehicles will crash into the residence of complainant with resultant injury to life and limb of the occupants and occupants of the residence of complainant; that said use of said strip of land by respondent, his family and invitees has been without permission or consent of complainant and contrary to his pleas and protestations; that irreparable injury is being sustained and will continue to be sustained by complainant unless respondent, his family and invitees cease their illegal use of said strip of land; that the conduct complained of has caused great inconvenience and annoyance to complainant and caused him to have serious apprehension of injury to his family and others and has interfered with the use and enjoyment of his property, for all of

which he claims damages in the sum of Ten Thousand ($10,000) Dollars; and that said conduct of respondent, his family and invitees, if allowed to continue, will result in permanent impairment of the future use and enjoyment of complainant's property by himself and family."

The bill prays that respondent be enjoined from entering and passing over the strip of land, and for damages.

The demurrer was overruled and respondent appealed.

Appellant argues that the bill is without equity in that complainant has an adequate remedy at law.

Having set out most of the bill, a discussion of the many arguments in brief would serve no good purpose. We content ourselves to state two settled principles and cite cases supporting them.

■ Where there is no question of disputed title and the remedy at law is inadequate because of the nature of the injury, injunction is the proper remedy to restrain repeated trespasses. Underwood v. West Point Mfg. Co., Ala., 116 So.2d 575;[1] Green v. Mutual Steel Co., 268 Ala. 648, 108 So.2d 837; Bessemer Theaters v. City of Bessemer, 247 Ala. 50, 22 So.2d 508; Kellar v. Bullington, 101 Ala. 267, 14 So. 466.

■ Equity will enjoin repeated trespasses to prevent such invasion from ripening into an easement. East v. Saks, 214 Ala. 58, 106 So. 185; Wells Amusement Co. v. Eros, 204 Ala. 239, 85 So. 692.

■ The allegations of the bill show the applicability of these principles, either of which is sufficient to give equity to the bill. It follows that the demurrer was correctly overruled.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.