568

140 So.2d 291

**Elroy EMBRY**

v.

**CITY OF MONTGOMERY.**

3 Div. 89.

Court of Appeals of Alabama.

April 17, 1962.

Fred D. Gray, Montgomery, for appellant.

Walter J. Knabe, Horace Perry and Rodney R. Steele, Montgomery, for appellee.

PER CURIAM.

The appellant was convicted in the Recorder's Court of the City of Montgomery, Alabama, for the violation of an ordinance. He appealed to the Circuit Court where he was again tried and convicted. He appeals to this court.

The city introduced in evidence the following ordinance:

"Sec. 47. Prowling and trespassing.

"(a) It shall be unlawful for any person in the city to go upon or remain upon the lands, buildings or premises of another, or any part, portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person in possession thereof, his agent or representative, or after having been forbidden to do so by a sign or signs posted on such lands, buildings, premises or part, portion or area thereof at a place or places where such sign, or signs, may be reasonably seen.

"(b) It shall be unlawful for any person to solicit, urge, exhort, instigate or procure another or others to do anything prohibited by paragraph (a) of this section. (Code 1952, ch. 20, paragraph 47; Ord. 10-60, paragraph 1.)"

The declaration or denouncement of conduct as unlawful does not make it a crime unless provision is made for its punishment. Johnston v. State, 100 Ala. 32, 14 So. 629; Bessemer Theaters, Inc., v. City of Bessemer et al., 247 Ala. 50, 22 So. 2d 508; 22 C.J.S. Criminal Law, § 25, p. 86.

Where the prosecution is for the violation of an ordinance in which no punishment is prescribed, the city, in order to sustain a conviction, must introduce in evidence an ordinance which does provide for its punishment. Bivins v. City of Montgomery, 13 Ala.App. 641, 69 So. 224; Thompson v. City of Sylacauga, 30 Ala. App. 72, 200 So. 795. No provision for punishment is made in the ordinance the violation of which is charged here, and no related ordinance fixing a penalty was introduced. The motion to exclude the evidence should have been granted.

Reversed and remanded.