**STATE of Missouri, Respondent,**

v.

**Maurice HARPER, Appellant.**

**No. KCD 26575.**

Missouri Court of Appeals,
Kansas City District.

April 18, 1974.

Application to Transfer Denied July 22, 1974.

Howard L. McFadden, Circuit Public Defender, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant was charged with and convicted of illegal possession of hashish pipes in violation of § 195.020. (All statutory references are to RSMo Supp. 1971). He appeals on the following points: 1) that the State's evidence was insufficient to make a prima facie case; and 2) that the State's case rested on evidence which had been obtained by means of an unlawful search and seizure.

■ Since the submission of this appeal, this court has issued a writ of habeas corpus in State ex rel. Jon Craig Wilson v. Wyrick, No. KCD 27252. In that habeas corpus case, the relator attacks § 195.020 on the ground that it is unenforceable because no penalty has been provided with reference to the possession of the prohibited apparatus, devices and instruments. We agree with that contention, and since the instant case is founded upon the same statute, it is likewise subject to the same fatal defect. Even though this objection was not made by Harper in either the trial court or in this court, this appeal will nev-

ertheless be ruled on this ground under the doctrine of plain error. Rule 27.20(c), V. A.M.R.

■ The Legislature has stated in § 195.020 that it shall be unlawful to possess devices for the unauthorized use of the controlled substances enumerated in Chapter 195, Drug Regulations, and this general prohibition is broad enough to encompass possession of hashish pipes. However, a declaration that something is "unlawful" does not in and of itself render that act a crime. In order for the prohibited act to be criminal and subject to criminal prosecution, a penalty must be specified. Otherwise the effort to make the act a crime is abortive and of no effect. As stated in McNary v. State, 128 Ohio St. 497, 191 N.E. 733, 739 (1934) : "A statute cannot be classed as a criminal statute unless a penalty is provided for its violation. A criminal statute without a penalty is fundamentally nugatory." Other expressions of this basic principle are found in United States v. Martinez-Gonzales, 89 F.Supp. 62, 64 (D.C. Cal.1950) ; Mossew v. United States, 266 F. 18, 22 (2d Cir. 1920) ; Embry v. City of Montgomery, 41 Ala.App. 568, 140 So.2d 291 (1962) ; Wood v. State, 219 Ga. 509, 134 S.E.2d 8, 10 (1963) ; Redding v. State, 165 Neb. 307, 85 N.W.2d 647, 652 (1957) ; State v. Fair Lawn Service Center, 20 N.J. 468, 120 A.2d 233, 236 (1956) ; Commonwealth v. Cunningham, 365 Pa. 68, 73 A.2d 705 (1950) ; State v. Knecht, 21 Ohio Misc. 91, 253 N.E.2d 324 (Ohio Common Pleas, 1969) ; State v. Hanna, 179 N.W.2d 503 (Iowa 1970).

■ In briefs filed in the Wilson habeas corpus case, the Attorney General has not challenged the above principle, but rather he argues that a penalty has been provided under the provisions of § 195.200. He contends that the applicable penalty is contained in the provision of that section which fixes the sentence to be given any person violating any provision of Chapter 195 "relating to Schedules I or II." The argument offered by the State runs that

hashish is a derivative of marijuana, that marijuana is one of the substances listed in Schedule I under § 195.017, and that the possession of a hashish pipe must therefore be deemed a violation "relating to Schedule I." This line of reasoning is too attenuated for acceptance. The only reasonable interpretation of the phrase "relating to Schedules I or II" requires that the alleged violation in some way directly involve one of the substances actually listed in those schedules. The phrase cannot, in our opinion, extend so far as to cover the possession of a device which is not itself set forth in any schedule and is a step removed from any listed substance.

The flaw in this statute, however, results from more than an exercise in semantics, important though that is when the legislative intent must be milked from the words used in the statute. The greater difficulty is that no legislative intent, different from that appearing from the words themselves, can be inferred without hazardous speculation. While the conjecture can be ventured safely that the Legislature intended to make possession of drug paraphernalia a crime, it is by no means certain what penalty was intended. For example, if possession of a hashish pipe were to be considered covered under § 195.200, subd. 1(1), then defendant on a first offense would be liable for a sentence of up to twenty years. Yet the possession of the hashish itself, of an amount which would fit into the pipe, would create liability on a first offense of a maximum of only one year. § 195.200, subd. 1(1)(a). Is it to be believed that the Legislature considered the empty pipe twenty times as blameworthy as the drug itself?

Again consider the fact that possession of devices for the use of drugs listed in Schedules III, IV and V are prohibited by both § 195.020 and also § 195.240. For violation of the latter section, the penalty is fixed by § 195.270 at a maximum of ten years. If § 195.200 is to be considered as providing the penalty for possession of devices in violation of § 195.020, and if the

particular device is usable interchangeably for a drug listed in Schedules I or II and also for one listed in Schedules III, IV or V, then the maximum penalty escalates to twenty years. Is it to be believed that the Legislature intended to provide two penalties for the very same act of possession, one being twice as onerous as the other? In any event, how can anyone say with assurance that the Legislature intended such disparate penalties for devices of this same general character?

A comparison of § 195.200 with § 195.-270 is illuminating in yet another respect. The latter section illustrates the proper form in which a penalty for possession of these devices can be declared unambiguously. That section declares that any person who violates "any provision" of § 195.240 (which includes possession of devices for use of Schedules III, IV and V drugs) is guilty of a felony, and upon conviction thereof shall be punished in specified manner. By way of comparison, § 195.200 employs the much more restricted language "[a]ny person violating any provision of this chapter *relating to Schedules I and II* is punishable" in specified manner. The contrast between § 195.270 and § 195.200 is stark. Section 195.270 does plainly and specifically provide a penalty for possession of apparatus for the use of drugs specified in Schedules III, IV and V. Section 195.200, the one which is in question in our case, does not make any similar provision for punishment for the possession of paraphernalia for the use of drugs listed in the other two schedules. It is this omission which constitutes the fatal defect.

 If there could be any question (and we think there is none) concerning the foregoing interpretation of § 195.200, then the best that could possibly be said for this section would be that it is ambiguous. It would then become subject to the familiar principle that a criminal statute must be strictly construed against the State and in favor of the defendant. City of Charleston ex rel. Brady v. McCutcheon,

360 Mo. 157, 227 S.W.2d 736, 738 (Mo. banc 1950); State ex rel. Wright v. Carter, 319 S.W.2d 596, 598 (Mo. banc 1958); Bordon Co. v. Thomason, 353 S.W.2d 735, 753 (Mo. banc 1962); Bullington v. State, 459 S.W.2d 334 (Mo.1970); State v. Paul, 437 S.W.2d 98 (Mo.App.1969).

While the omission of a penalty for possession of this paraphernalia is doubtlessly inadvertent, the gap does exist and this court is powerless to rewrite the statute. That is purely a legislative prerogative.

The judgment is reversed.

All concur.