# RODGERS *vs.* THE STATE.

1. Under an indictment for betting "at a game of pool at a public place enumerated in section 3243 of the Code," the defendant may be convicted on proof that he played pool at a table regularly licensed for billiards, as a license to keep a billiard table does not authorize its use for the game of pool.
2. An indictment for betting "at a game of pool at a house where spirituous liquors were retailed," or (as alleged in a second count) "at a public place enumerated in section 3243 of the Code," conforms substantially to the requisitions of the Code, and is therefore sufficient.

ERROR from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THE indictment in this case, found at the Fall term, 1854, is as follows :

"The grand jury of said county charge, that before the finding of this indictment, Alsey F. Rodgers did bet at a game of pool at a house where spirituous liquors were retailed; and the grand jury of said county further charge, that Alsey F. Rodgers did bet at a game of pool at a public place enumerated in section 3243 of the Code, against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment; but his demurrer was overruled, and he excepted. On the trial, "it was proved that the table on which defendant played and bet had been, and was at the time of betting, regularly licensed as a billiard table, and was then and there kept and exhibited for playing billards and pool; that the game of pool was played on a table in all respects like a billiard table, except that it sometimes had no pockets; that the players each put in a certain sum, and that the first one who, by skill or chance, made thirty-one points, neither more nor less, entitled himself to the stake, deducting five cents for each player which went to the exhibitor; that the game was played, indiscriminately, upon tables with and without pockets, which are sometimes called pool tables, and sometimes billiard tables; that the game of pool is one of the varieties of the game of billiards, played on billiard tables with pockets (called "old pool") or without pockets (called "Spanish pool"), with the ordinary billiard

tables, cues, and balls. The court charged the jury, that the defendant would be liable to conviction for betting at the game of pool played on a regularly licensed billiard table; to which charge the defendant excepted."

These two rulings of the court are now assigned for error.

WM. M. MURPHY, with whom was C. C. PEGUES, for plaintiff in error.

M. A. BALDWIN, Attorney General, *contra.*

GOLDTHWAITE, J.—In the present case, it is only necessary to consider whether by the laws in force previous to the act of 17 February, 1854, (Acts 1853–54, p. 30,) a license to keep a billiard table conferred upon the party obtaining it the right to use the table for the game of pool; for, if he did not acquire such a right, it is obvious that the statute referred to, which makes the betting at pool at certain places an indictable offence, did not impair the obligations growing out of his license to keep a billiard table. With reference to a correct decision of this question, it is necessary to determine whether the fourth clause of section 397 of the Code uses the term " billiard table" merely as the synonym of " pool" table, which is found in the same clause ; for, if the Code makes a distinction between the two tables, and requires a license to be taken out for each, it is in effect drawing a distinction between the games of pool and billiards, it being obvious that in such case the Legislature could never have intended that a license to keep one table should in effect confer the right of keeping both. Looking to the words of the clause to which we have referred, we think it clear that the distinction we have adverted to was intended to be drawn, for otherwise the use of the word " pool" would be entirely superfluous. We find that the act of 6th of March, 1848, (Acts 1847–48, p. 32,) expressly recognized this distinction. The words are, "for keeping a billiard table, fifty dollars ; for keeping a pool table, fifty dollars": and the subsequent acts, although there is a slight change of language, evidently mean the same ; and although one might, by taking out the two licenses, acquire the right to keep the same table for both pool and billiards, he could not obtain this privilege without doing so. It follows

that as the betting in this case was at pool, upon a billiard table, it fell within the provisions of the act of 1854, unless it was shown that the table was licensed for pool as well as billiards—which the record does not show.,

In relation to the demurrer to the indictment, it is only necessary to say, that it conforms substantially to the requisitions of the Code, and is therefore sufficient.

Judgment affirmed.