# Wright *v.* The State.

*Refusing to Obey Habeas Corpus Writ.*

(Decided Feb. 1, 1912.   57 South. 1023.)

1. *Habeas Corpus; Disobedience to Writ.*—At common law, one disobeying the mandate of the writ of habeas corpus was subject to punishment for contempt of court, and was also liable in civil damages to the party aggrieved.

2. *Indictment and Information; Statutory Offense; Sufficiency.*— Where a statute creates an offense unknown to the common law, and describes its elements, it is sufficient if the indictment follows the words of the statute.

3. *Same; Habeas Corpus; Affidavit.*—The affidavit in this case examined and held sufficient to charge the offense denounced by section 7038, Code 1907; also held that the exception therein contained was a matter of defense which need not be negatived.

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

Eva Wright was convicted of disobeying a writ of habeas corpus proceedings, and she appeals.   Affirmed.

D. A. BAKER, for appellant.   No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The complaint embodies the material ingredients of the offense charged under section 7038, Code 1907, and was therefore sufficient.

DE GRAFFENRIED, J.—Under the common law, as we received it from England, a person to whom a writ of habeas corpus was directed, and who refused to obey the writ, was liable in damages to the party aggrieved, and was also guilty of a contempt of the court issuing the writ.   Am. & Eng. Ency. Law, p. 129, note 6.

[Wright v. The State.]

To add to the efficiency of the writ, the Legislature passed the act now forming section 7038 of the Code, which provides, among other things, that any person to whom a writ of habeas corpus is directed, and who refuses to receive the same, or neglects to obey and execute it according to the provisions of the chapter relating to the subject of habeas corpus, being chapter 227 of the Code of 1907, shall be guilty of a misdemeanor.

The prosecution in the present case was commenced by an affidavit made by W. C. Carroll, in which he states that "he has probable cause for believing and does believe that, in Pike county, within twelve months before making this affidavit, a writ of habeas corpus issued by E. C. Edmonson, judge of probate of Pike County, Ala., and directed to Eva alias Evie Wright and said Will Thomas, directing them to have the body of Henry and Robert Wright before said judge on a day named, which writ was served on Eva alias Evie Wright and Will Thomas, and said Eva alias Evie Wright and Will Thomas neglected to obey and execute it according to its provisions." The affidavit was demurred to upon only two grounds, viz.: (1) That it did not charge the commission of a criminal offense, because it failed to show wherein the defendant neglected to obey said writ; and (2) because it charged no offense known to the law.

Section 7038 of the Code, under the provisions of which the above affidavit was made, does not require that, in an affidavit or indictment charging a violation of its provisions, it shall be stated that the defendant, *without sufficient excuse*, neglected to obey and execute the writ. If a person is prosecuted criminally for a violation of the provisions of said section, he may, as a defense thereto, show by evidence that he had a *sufficient excuse* for so doing; but, as above stated, under the express language of the statute, the state is not required to allege, in its pleadings, that no such excuse existed.

[Scott v. The State.]

There seems to be no conflict in the authorities upon the proposition that, when a statute creates a new offense, unknown to the common law, and describes its constituents, it may be charged in the words of the statute. I Mayfield's Dig. p. 431, § 187. It seems to us that the affidavit in this case charges the defendant with a violation of all the material ingredients of the offense as defined in the statute creating it. We are therefore of the opinion that the affidavit was not subject to the grounds of demurrer assigned to it.

Affirmed.