# Campbell *v.* The State.

*Disturbing Religious Worship.*

(Decided Feb. 6, 1912. 58 South. 125.)

*Indictment and Information; Statute; Designating Place of Offense.*—An indictment which follows the Code form and charges that the defendant while drunk did appear in a public place, to-wit, a church, where one or more persons were present, in his drunken condition, etc., is not demurrable because it does not allege at what spcific church the offense was committed.

APPEAL from Madison Law and Equity Court.

Heard before Hon. J. H. BALLENTINE.

Bruce Campbell was convicted of boisterous and indecent conduct in a church, while in an intoxicated condition, and he appeals. Affirmed.

DOUGLASS TAYLOR, and C. P. GRIMMETT, for appellant. No brief came to the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The demurrer to the indictment was properly overruled.— *Roden v. The State,* 136 Ala. 89; *State v. Moriarty,* 74 Ind. 103; *State v. Brown,* 38 Kan. 390.

DE GRAFFENRIED, J.—The indictment in this case charges that the defendant, "while intoxicated or drunk, did appear in a public place, to-wit a church, where one or more persons were present, and manifested his drunken condition by boisterous and indecent conduct or loud and profane discourse, against the peace and dignity of the state," etc.

The defendant demurred to the indictment, because it did not allege at what specific church the defendant

[Clark v. The State.]

appeared in a state of drunkenness or intoxication. The indictment follows the language of the form prescribed by the Code, and was not subject to the defendant's demurrer.—*Murrell v. State,* 44 Ala. 367; *Holly v. State,* 54 Ala. 238; *Fesson v. State,* 26 Ala. 76; *Elam v. State,* 25 Ala. 52; 1 Mayfield's Dig., p. 431, § 185.

The court did not err in overruling the demurrer to the indictment. The judgment of the court below is affirmed.

Affirmed.