# Jordan *v*. The State.

*Permitting Stock to Run at Large.*

(Decided June 13, 1912.　59 South. 710.)

*Indictment and Information; Sufficiency.*—The indictment is in the language of section 1, Acts 1909, p. 41, which creates and defines the offense, of permitting stock to run at large, and is there-fore, sufficient.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Jeff Jordan was convicted of unlawfully permitting stock to run at large, and appeals. Affirmed.

The indictment was as follows: "Jeff Jordan, a person owning or having the possession, custody, or control of live stock, to wit, hogs, did unlawfully and knowingly permit said hogs to run at large, or be at large, in a stock law district or territory wherein live stock are prohibited by law to run at large." The demurrers were: Failure to charge on whose land said stock were permitted to run at large; failure to allege damages, and by whom suffered; failure to show that any damage was suffered by anybody; failure to properly describe the property damaged.

MCCONNELL & CONNOR, for appellant. The indictment was demurrable.—*Morningstar v. The State*, 52 Ala. 405; *Garner v. The State*, 8 Port. 108; *Graves v. The State*, 62 Ala. 135; 1 Mayf. 37 and 439; Acts 1909, p. 41.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The in-
dictment was sufficient. It charged the offense in the
words of the statute.—Acts 1909, p. 42, sec. 1; *Lodano
v. State,* 25 Ala. 64; *Anderson v. State,* 48 Ala. 665;
*Mason v. State,* 42 Ala. 543; *Smith v. State,* 63 Ala. 55.
The general purpose of the statute and the necessary
ingredient of a similar statute are set out in *Ghent's
Case,* 96 Ala. 17, which, however, are not parts of the
offense for which the appellant was indicted.

PELHAM, J.—The defendant was convicted for a vi-
olation of the act approved August 19, 1909 (Acts Ala.
Sp. Sess. 1909, pp. 41, 42), providing that it shall be a
misdemeanor for a person owning, or having in his cus-
tody or control, live stock, to permit such stock to run
at large in any stock law district or territory in which
such stock are prohibited by law to run at large. The
appeal is on the record without a bill of exceptions.
The contention of appellant is that the indictment is
not sufficient, and that the court was in error in over-
ruling demurrers to it.

Section 1 of the act (Acts 1909, p. 42), which creates
the offense, specifically prescribes what shall constitute
the offense, and the indictment is in the language of
that section of the statute creative and descriptive of the
offense. It has been repeatedly held that, when the lan-
guage used in the indictment pursues the words in the
statute providing and describing the elements of the of-
fense, it is entirely sufficient.—*Yancy v. State,* 63 Ala.
141; *Weaver v. State,* 79 Ala. 279; *Johnson v. State,*
152 Ala. 46, 44 South. 670; *Kimbell v. State,* 165 Ala.
118, 51 South. 16; *Smith v. State,* 63 Ala. 55; *Traylor v.
State,* 100 Ala. 142, 14 South. 634; *Block v. State,* 66
Ala. 493; *Holly v. State,* 54 Ala. 238; *Murrell v. State,*

[The State v. Parker.]

44 Ala. 367; *Clark v. State,* 19 Ala. 552. The demurrers to the indictment were properly overruled, and, no error appearing in the record, the case will be affirmed.
Affirmed.