# Bivins *v.* City of Montgomery.

*Violating Municipal Ordinance.*

(Decided June 1, 1915. 69 South. 224.)

1. *Municipal Corporation; Ordinances; Violation; Evidence.*— Where the prosecution is by a city for the violation of its ordinances prohibiting the doing of a particular business, but fixing no penalty for a failure to do so, it must, in order to sustain a conviction, introduce in evidence an ordinance imposing a penalty for a violation of the license ordinance.

2. *Evidence; Judicial Notice.*—The courts do not take judicial notice of the ordinances of municipalities.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

F. A. Bivins was convicted of violating the ordinance against doing a telegraph business without license, and he appeals. Reversed and remanded.

41—13

RUSHTON, WILLIAMS & CRENSHAW, and MARTIN & MARTIN, for appellant.

EDWARD S. WATTS, for appellee.

THOMAS, J.—(1, 2) The defendant (appellant) was charged with the violation of a municipal ordinance, in that he did within the city limits a telegraph business for which a license was required by an ordinance of the city without first obtaining such license. The bill of exceptions, which purports to set out all the evidence, shows that the city introduced in evidence an ordinance requiring the taking out of a license, and fixing the amount thereof, for the doing of such business in the city, but in such ordinance no penalty is fixed for the failure of any person, doing such business, to take out a license. In other words, the ordinance contains no penal provision whatever itself, nor was any other ordinance introduced in evidence containing such a provision and making it an offense against the laws of the city for a person to engage in the business alleged without taking out a license. If there is such an ordinance, it was necessary to the city's case and to the conviction of defendant (appellant) that it be proved by the city, as courts cannot take judicial knowledge of municipal ordinances.—*Furham v. Huntsville*, 54 Ala. 263; *Case v. Mobile*, 30 Ala. 538.

The lower court erred, therefore, in giving the affirmative charge for the city and in refusing it to the defendant.

Any expression of opinion on the other questions urged—that is, as to the validity or invalidity of the mentioned ordinance that was introduced by the city —would be dictum; for, even assuming its validity, the defendant, though he might be sued for the amount of the license tax required by the ordinance, could not

be convicted for a violation of the ordinance, failing, as it does, to contain a penal provision, unless, of course, there is some other ordinance containing such a provision and making it an offense to violate the ordinance in question.

Whether there is or is not in existence such an ordinance as the latter does not, as said, appear, and we must, until the contrary is shown, presume that there is not. So presuming, the validity of the ordinance here in question is not therefore raised in this case, which is reversed and remanded for reasons before stated.

Reversed and remanded.