(79 South. 313)

OLIVER v. STATE. (8 Div. 591.)

(Court of Appeals of Alabama. June 11, 1918.)

1. CONSTITUTIONAL LAW ☞63(3)—DELEGATION OF POWER BY LEGISLATURE.

The Legislature can delegate to the board of revenue the power to establish, promulgate, and enforce rules and regulations as to the public roads of a county.

2. INDICTMENT AND INFORMATION ☞110(3)—STATUTORY OFFENSE.

In drawing indictments under a statute, it is sufficient if the language of the statute be substantially followed.

3. CRIMINAL LAW ☞304(17) — EVIDENCE — JUDICIAL NOTICE.

The courts cannot take judicial notice of the proceedings of the board of revenue of a county, or of rules and regulations adopted by it.

4. INDICTMENT AND INFORMATION ☞109 — STATUTORY OFFENSE—VIOLATION OF RULES OF BOARD.

Where offense consists in violation of regulations of board of revenue of county, made offense by statute, it should be averred in indictment, which need not set out regulations in full, that acts were done in violation of regulations duly adopted under statute.

5. INDICTMENT AND INFORMATION ☞110(30)—STATUTORY OFFENSE—FAILURE TO FOLLOW STATUTE.

Indictment for failing to work public roads, in violation of regulations prescribed by board of revenue of county, offense created by Acts 1915, p. 574, § 2, which indictment does not follow language of section, is demurrable.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

George Oliver was indicted under Act Sept 22, 1915, § 2, for failing to work the public roads, and from the judgment he appeals. Reversed and remanded.

The indictment is as follows, omitting formal charging part:

George Oliver did unlawfully fail or refuse to work upon the public road or roads of the county after having been legally notified by the overseer of the road section, to or on which he had been duly apportioned to work, that his services on said road were required, as was his legal duty to do under the provision of the acts of the Legislature of Alabama approved September 22, 1915, giving authority to boards of county revenue, or like courts of the several counties of Alabama, including the county of Franklin, the authority to establish, promulgate, and enforce rules and regulations for the working of the public roads in said county, and punish offenders for the violation of offense; and the rules and regulations established and promulgated under the authority of said act by the court of county revenue of said county on November 8, 1915, which said rules and regulations provided in substance as follows: That the court of county revenue should divide the public roads of said county into road sections, and appoint for each road section a road overseer and apportion to such overseer and to work on such road sections certain road hands; that such overseer when appointed shall notify said road hands so apportioned to his road section that the services of such road hands are required on said road; that such overseer shall work such road hands so apportioned to him on his road section 10 days in each year; and that said road hands shall work

upon said section on or to which they are apportioned when notified by the overseer of such road section that their services on said road are required.

Wm. L. Chenault, of Russellville, for appellant. F. Loyd Tate, Atty. Gen., David W. W. Fuller, Asst. Atty. Gen., and Henry D. Jones and Travis Williams, both of Russellville, for the State.

SAMFORD, J. Section 2 of the act of the Legislature adopted September 22, 1915 (Acts 1915, p. 574), provides:

"That it shall be unlawful for any person, firm or corporation to violate any rule, regulation or law which may be adopted or promulgated by the court of county commissioners, board of revenue or like governing body, of any county under the authority conferred by this act, relating to the use, control, care, operation or maintenance of any such public road, bridge or ferry and any person, firm or corporation violating the same shall be deemed guilty of a misdemeanor and upon conviction shall be fined," etc.

[1] The defendant was indicted under this section, and upon the trial interposed several grounds of demurrer. It has several times been held that the Legislature could delegate to the board of revenue the power to establish, promulgate, and enforce rules and regulations with reference to the public roads of a county. Floyd v. State, 15 Ala. App. 654, 74 South. 752; Hicks v. State, ante, p. 88, 75 South. 636.

[2] Section 2 of the act above referred to creates the crime and fixes the penalty for a violation. In drawing indictments under a statute, it is sufficient if the language of the statute is substantially followed. Wright v. State, 3 Ala. App. 140, 57 South. 1023; Campbell v. State, 4 Ala. App. 104, 58 South. 125; Jordan v. State, 5 Ala. App. 229, 59 South. 710; Gleason v. State, 6 Ala. App. 49, 60 South. 518; Sellers v. State, 7 Ala. App. 78, 61 South. 485; McLain v. State, 15 Ala. App. 24, 72 South. 511; Porter v. State, 15 Ala. App. 218, 72 South. 776; Brannon v. State, ante, p. 259, 76 South. 991.

[3, 4] As was said in Curlee v. State, ante, p. 62, 75 South. 268:

"The indictment cannot be sustained on the theory that the alleged acts of the defendant were a violation of 'rules and regulations' adopted by the state live stock sanitary board. (In this case, board of county commissioners.) The courts cannot take judicial knowledge of the proceedings of the board or the rules and regulations adopted by it. Glenn v. City of Prattville [14 Ala. App. 621], 71 South. 75; Bivins v. City of Montgomery, 13 Ala. App. 641 [69 South. 224]. And while it is not necessary that the rules and regulations be set out in full in the indictment, where a prosecution is based on the violation of such rules and regulations, it should be averred that the alleged acts were done in violation of rules and regulations duly adopted by the board" of county commissioners or like governing body of the county, "under the provision of the statute conferring on the board such power." Curlee v. State, supra.

[5] The indictment in this case does not undertake to follow the language of section 2

of the act creating the offense; the offense being the violation of a rule, regulation, or law adopted or promulgated by the court of county commissioners, or like governing body of the county, and the failure to work being the quo modo of the violation. The demurrer to the indictment should have been sustained.

For this error, the judgment is reversed, and the cause is remanded.

Reversed and remanded.