(86 South. 117)

POSEY v. STATE.    (6 Div. 732.)

(Court of Appeals of Alabama. May 18, 1920.)

1. INDICTMENT AND INFORMATION &#9758;50—INFORMATION NEED NOT CONCLUDE AGAINST THE PEACE, ETC.

An information need not conclude against the peace and dignity of the state, that being necessary only in case of indictment.

2. STATUTES &#9758;97(2) — STATUTE ALLOWING COUNTIES TO MAKE ROAD REGULATIONS NOT SPECIAL.

Act Sept. 22, 1915 (Acts 1915, p. 576) § 13, authorizing the court of county commissioners to establish, promulgate, and enforce rules and regulations with reference to the public roads, is not a local or special law, violative of Const. 1901, § 106; the act applying to all counties alike.

3. CONSTITUTIONAL LAW &#9758;63(3) — STATUTE NOT UNLAWFUL DELEGATION OF LEGISLATIVE POWER.

Act Sept. 22, 1915 (Acts 1915, p. 576) § 13, authorizing the court of county commissioners to promulgate and establish road regulations, is not invalid as an unlawful delegation of legislative power, section 2 fixing a penalty for violation of the regulations so established;

the Legislature having power to delegate the authority to fix such regulation and the statute itself fixing the penalty for violation.

4. CRIMINAL LAW &#9758;1044 — ADMISSION OF EVIDENCE CANNOT BE REVIEWED, WHERE THERE WAS NO MOTION TO EXCLUDE.

Where objection to a question was waived by defendant, and no motion was made to exclude the answer, the question of the admissibility of the evidence will not be reviewed.

5. CRIMINAL LAW &#9758;429(1)—IN PROSECUTION FOR HAULING ON COUNTY ROAD WITHOUT LICENSE, MINUTES OF COMMISSIONERS' COURT ADMISSIBLE.

In a prosecution under Act Sept. 22, 1915 (Acts 1915, p. 574) § 2, for hauling on a county road without a license required by the court of county commissioners pursuant to section 13, the minutes of the court relating thereto are admissible.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

R. J. Posey was tried and convicted on a charge of "hauling on, over, along, or across the public roads of Lamar county without a wagon license," and from the judgment he appeals. Affirmed.

Wilson Kelley, of Vernon, for appellant.

The act in question is local legislation, or a delegation of power to make local law, and not properly advertised. Section. 106, Const. 1901; 140 Ala. 491, 37 South. 321. It is otherwise unconstitutional. 8 Cyc. 796; 122 Ala. 130, 27 South. 327.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. [1] On appeal to the circuit court the solicitor filed the following information:

"The state of Alabama, by its solicitor, complains of Rufus Posey that within 12 months before the commencement of the prosecution did haul for hire, profit, or charge, or compensation, or for sale, or to be offered for sale, logs, lumber, or freight over, on, or along a public road of Lamar county with a team and wagon without having first paid a vehicle license tax as required by the rules and regulations promulgated by the court of county commissioners of Lamar county at the November term of same and recorded in the minutes of said court in volume No. 4, pages 21 et seq., same being authorized by section 13 of an act of the Legislature of Alabama approved September 22, 1915."

The first objection taken to this complaint is that it does not conclude "against the peace and dignity of the state of Alabama." In prosecutions not begun by indictment this is not necessary. Thomas v. State, 107 Ala. 61, 17 South. 941; Simpson v. State, 111 Ala. 6, 20 South. 572.

[2] The next contention is that section 13 of an act of the Legislature approved September 22, 1915 (Acts 1915, p. 576), is unconstitutional and void, as being in violation of section 106 of the Constitution of 1901. This position is untenable; the act, applying to all counties alike, is not local, but general.

[3] The prosecution in this case was for a violation of section 2 of the act approved September 22, 1915 (Acts 1915, p. 576). The Legislature has the power to delegate to the court of county commissioners the power to establish, promulgate, and enforce rules and regulations with reference to the public roads of the county. This has been done by the act supra. The Legislature, by section 2 of the act, prescribed a penalty for the violation of the regulations when adopted and promulgated by the court of county commissioners. The foregoing is in line with the several rulings of this court in similar cases. Glenn v. City of Prattville, 14 Ala. App. 621, 71 South. 75; Bivins v. City of Montgomery, 13 Ala. App. 641, 69 South. 224; Wright v. State, 3 Ala. App. 140, 57 South. 1023; Campbell v. State, 4 Ala. App. 104, 58 South. 125; Jordan v. State, 5 Ala. App. 229, 59 South. 710; Oliver v. State, 16 Ala. App. 533, 79 South. 313; Curlee v. State, 16 Ala. App. 62, 75 South. 268; Horn v. State (4 Div. 605) 84 South. 883.[1] The prosecution is sustained by virtue of section 2 of the act of the Legislature approved September 22, 1915, supra, and not by virtue of the rule of the court of county commissioners fixing the penalty.

[4] The objection to the question propounded to the witness Sudduth, interposed by defendant, was waived. The witness answered the question, and no motion was made to exclude the answer.

[5] The minutes of the court of county commissioners of Lamar county, adopting and promulgating the rules and regulations governing the roads and bridges of the county, were properly admitted in evidence.

We find no error in the record, and the judgment is affirmed.

Affirmed.