(92 South. 85)

**TERRY v. STATE. (2 Div. 228.)**

(Court of Appeals of Alabama. Dec. 20, 1921.)

**1. Counties ☞54—Resolution imposing license tax not "local law," within requirement as to notice.**

A resolution of the commissioners' court of a county fixing a license tax on different kinds of vehicles used on the public roads was not the enactment of a local law within Const. 1901, § 106, requiring notice to be given of the adoption of such laws, but was merely a carrying into effect of the provisions of Acts 1915, p. 573, giving such courts general superintendence of public roads, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Law.]

**2. Constitutional law ☞63(3)—Authority conferred on commissioners' court over public roads held not authority to make law.**

Acts 1915, p. 573, giving county commissioners' courts general superintendence of public roads, etc., with legislative, judicial, and executive powers, and with power to establish, promulgate, and enforce rules and regulations, does not confer authority to make a law. but only to provide rules under which the existing law can be efficiently and effectively administered.

**3. Constitutional law ☞60—Legislature may delegate power to determine fact on which law dependent.**

While the Legislature cannot delegate its power to make a law, it can delegate power to determine some fact or state of things on which the law makes, or intends to make, its own action depend.

**4. Licenses ☞6(1) — Commissioners' court without authority to fix punishment for violation of resolution imposing license tax.**

Under Acts 1915, p. 574, § 2, fixing the punishment for violations of regulations of the county commissioners' courts, the authority to declare a violation of a resolution imposing license taxes criminal, and to fix the punishment therefor, was not delegated to the county commissioners' court, and a provision of that court's rules and regulations prescribing the punishment was void.

**5. Criminal law ☞1177—That rule of county commissioners' court fixing punishment was void, immaterial, when fine authorized by statute.**

Judgment of conviction for failing or refusing to pay a license tax imposed by an order of the county commissioners' court will not be reversed, though the provision of the rules and regulations prescribing the punishment for such violation was void, because the punishment was prescribed by statute, where the fine imposed was authorized by the statute.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Henry Terry was convicted of failing or refusing to pay a license tax on a two-horse wagon, and he appeals. Affirmed.

The commissioners' court of Bibb county, by section 2 of its rules and regulations, fixed the license for two-horse wagon used in hauling logs and lumber, etc., at $10 per year, and by section 9 fixed the penalty for a failure or refusal to pay such license on or before the day fixed as a license period at double the amount of the license tax. The jury assessed a fine of $7.50.

S. D. & C. D. Logan, of Centerville, for appellant.

The agent cannot do what the principal could not do, and hence the commissioners' court could not prescribe a local law without violating section 106 of the Constitution. 67 Ala. 290. No notice was given as required by this section. 199 Ala. 287, 74 South. 374; 200 Ala. 267, 76 South. 73; 201 Ala. 387, 78 South. 449. The Legislature could not delegate this power. 88 Cal. 191, 26 Pac. 111; 18 A. & E. Enc. of Law, 822; 44 Ala. 537.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted in the circuit court of Bibb county, under complaint which charged that he "failed or refused to pay a license tax on a wagon used for hauling cross-ties, which license tax was fixed or imposed by an order of the commissioners' court of Bibb county, Ala., according to law."

[1, 2] The testimony was without conflict that the appellant had hauled cross-ties over the public roads in Bibb county, and that he had not paid the license on his wagon, covering the time for which he was being prosecuted. During the progress of the trial the state offered in evidence a resolution duly adopted by the commissioners' court of Bibb county on the 31st day of March, 1919, which resolution fixed a license tax on the different kinds of vehicles which might be operated over or along the public roads of said county, among the licenses provided for being that on a two-horse wagon, the character of vehicle the appellant was charged with and admitted he operated. To the introduction of this resolution the appellant objected, setting out many grounds of objection, but which really present but one question, and that is that the commissioners' court had no legal right to adopt such resolution, for that no notice was given as to the adoption of the resolution, as is required by Section 106 of the Constitution; it being in effect a local law. The error

of such a contention is that the adoption of the resolution in question was not the enactment of a local law, but was carrying into effect the provisions of a general law (Acts 1915, p. 573), whereby courts of county commissioners are invested with a general superintendence of the public roads, bridges, and ferries within their respective counties, and to this end they are given legislative, judicial, and executive powers, and they may establish, promulgate, and enforce rules and regulations. The authority conferred by this general law is not to make a law, but to provide rules under which the existing law can be efficiently and effectively administered. State v. McCarty, 5 Ala. App. 212, 59 South. 543.

[3] While the Legislature cannot delegate its power to make a law, it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make its own action depend. "To deny this would be to stop the wheels of government. There are many things, upon which wise and useful legislation must depend, which cannot be known by the lawmaking power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation." Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Locke's Appeal, 72 Pa. 491, 13 Am. Rep. 716. If the appellant is guilty in this case, and is punished under the affidavit, he will be punished by the will and command of the Legislature of Alabama, and not by the will and command of the commissioners' court of Bibb county. Whaley v. State, 168 Ala. 152, 52 South. 941, 30 L. R. A. (N. S.) 499; Floyd v. State, 15 Ala. App. 654, 74 South. 752; Isbell v. State, 17 Ala. App. 465, 86 South. 169; Posey v. State, 17 Ala. App. 448, 86 South. 117; Oliver v. State, 16 Ala. App. 533, 79 South. 313.

[4, 5] The authority to declare that a violation of the regulations and laws adopted by the court of county commissioners was a crime and to fix the punishment therefor was not delegated to that body, but was exercised by the Legislature in the enactment of section 2 of the act conferring authority on the court of county commissioners to adopt rules and regulations. Acts 1915, p. 574, § 2.

It follows that section 9 of the rules and regulations adopted by the court of county commissioners, prescribing the punishment for such violations, is void; but this does not call for a reversal of the judgment. The fine assessed was authorized by the statute, and the appellant cannot complain. Hicks v. State, 16 Ala. App. 88, 75 South. 636.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes