No. 2611

EX REL. GINOCCHIO *v.* SHAUGHNESSY

August 6, 1923.                                    217 Pac. 581.

1. CONSTITUTIONAL LAW—COMPLETENESS OF STATUTE STRONG PROOF THAT IT DOES NOT DELEGATE LEGISLATIVE POWER.

   The completeness of a statute when it leaves the legislature is one of the strongest proofs that it does not delegate legislative power.

2. STATUTES—ACT REQUIRING COUNTY COMMISSIONERS TO ENACT ORDINANCES LICENSING AND REGULATING MOTOR VEHICLES HELD NOT INCOMPLETE.

   Stats. 1923, c. 181, requiring the county commissioners of each county to enact ordinances licensing and regulating the use of motor vehicles for hire, *held* not incomplete; the commissioners' duty being mandatory, and their ordinances as much a part of the law as if embodied therein by the legislature, which plainly declares the policy of the law, and clearly indicates the legal principles controlling the commissioners in the exercise of the power conferred.

3. CONSTITUTIONAL LAW—LEGISLATURE MAY DELEGATE POWER TO DETERMINE FACT AND STATE OF THINGS ON WHICH LAW MAKES OPERATION DEPEND.

   The legislature cannot delegate legislative power, but may delegate the power to determine some fact and state of things on which the law makes its own operation depend.

4. COUNTIES—COMMISSIONERS ARE ADMINISTRATIVE AGENCIES OF STATE IN PERFORMANCE OF DUTIES PRESCRIBED BY LAW.

   County commissioners, unlike medical and dental boards, commissions, etc., are administrative agencies of the state in the performance, as required by Const. art 4, sec. 26, of such duties as may be prescribed by law by means of orders, ordinances, and resolutions duly passed and entered on their records.

5. LICENSES—COMMISSIONERS' STATUTORY POWER TO LICENSE AND REGULATE MOTOR VEHICLES USED FOR HIRE HELD WITHIN CONSTITUTIONAL POWERS.

The duty imposed on the county commissioners by Stats. 1923, c. 181, sec. 1, to enact ordinances licensing and regulating the use of motor vehicles for hire, is within their power under Const. art 4, sec. 26, to perform such duties as are prescribed by law; the legislature having declared the use of the public roads by motor vehicles engaged in public service a privilege for which they must pay and submit to regulation for the protection of the roads.

6. LICENSES—ACT DESIGNED AS POLICE AND REVENUE MEASURE NOT STRICTLY CONSTRUED.

The character of power conferred on the county commissioners by Stats. 1923, c. 181, sec. 1, to license and regulate motor vehicles used for hire, will not be critically examined to denude the commissioners of their utility as executive agencies; the act being designed as both a police and revenue measure.

7. CONSTITUTIONAL LAW—NO PRESUMPTION THAT POWER CONFERRED WILL BE EXERCISED ARBITRARILY.

The supreme court cannot presume that the power conferred on county commissioners by Stats. 1923, c. 181, sec. 1, to license and regulate motor vehicles used for hire, will be exercised arbitrarily.

8. CONSTITUTIONAL LAW—ACT REQUIRING COUNTY COMMISSIONERS TO LICENSE AND REGULATE USE OF MOTOR VEHICLES FOR HIRE HELD NOT DELEGATION OF LEGISLATIVE POWER.

The policy of the state being to delegate to the municipal divisions thereof its power to make regulations concerning the use of public roads, and provide means for their improvement and maintenance, Stats. 1923, c. 181, sec. 1, requiring county commissioners to enact ordinances licensing and regulating the use of motor vehicles for hire, is not, when read in the light of the declared purpose of the act to protect the public roads and secure revenue for their improvement and maintenance, and all the sections thereof, a delegation of legislative power in the sense of relinquishing such power and conferring it on the commissioners.

9. CONSTITUTIONAL LAW—CONSTITUTIONALITY OF ACT NOT CONSIDERED IN MANDAMUS PROCEEDING.

Whether Stats. 1923, c. 181, sec. 9, delegating to the county commissioners the power to issue certificates of public convenience to common carriers using motor vehicles, and vesting in the public service commission the right to modify, annul, or approve any certificate or ordinance, delegates legislative power to the public service commission, will not be considered in mandamus proceedings to compel the commission to receive and act on an application for such a certificate.

10. STATUTES—ACT AUTHORIZING COUNTY COMMISSIONERS TO REGULATE AND LICENSE MOTOR VEHICLES HELD NOT REGULATION OF COUNTY AFFAIRS BY LOCAL OR SPECIAL LAW.

Stats. 1923, c. 181, authorizing boards of county commissioners to issue certificates of public convenience and licenses to common carriers by motor vehicles, *held* not violative of Const. art 4, sec. 20, as an attempt to regulate county affairs by local or special law.

11. LICENSES—ACT REQUIRING COUNTY COMMISSIONERS TO LICENSE AND REGULATE MOTOR VEHICLES USED FOR HIRE HELD NOT UNCONSTITUTIONAL AS NOT OPERATING UNIFORMLY THROUGHOUT STATE.

Stats. 1923, c. 181, requiring the county commissioners to license and regulate the use of motor vehicles for hire, *held* not violative of Const. art. 4. sec. 21, being a general law operating uniformly throughout the state.

MANDAMUS by the State, on the relation of J. S. Ginocchio and another, against J. F. Shaughnessy and others, as members of the Public Service Commission. **Petition dismissed. Petition for rehearing denied.**

*L. D. Summerfield,* District Attorney, and *H. L. Heward,* Assistant District Attorney, for Petitioners:

The main test for such acts as Stats. 1923, p. 329, is this: If statute prescribes adequate outline and leaves details to be filled in by rules and regulations of administrative board, it is constitutional. If, however, statute leaves it to discretion of administrative board to use its own judgment under general terms as to what the law shall be, it is illegal delegation of legislative power. Secs. 20 and 21, art. 4, Constitution of Nevada; Stats. 1919, c. 109; 1921, c. 220; Hewitt v. State Board of Medical Examiners, 84 Pac. 39; Wolf v. Humboldt County, 32 Nev. 174.

Matters of solely local concern may be met by conferring purely administrative powers. U. S. v. Grimaud, 55 L. Ed. 563.

The authorities cited by attorney-general agree with rule contended for, with exceptions of Alabama cases, which hold that mere imposing of penalty makes such acts valid, and Massachusetts case of Brodbine v. Revere, 66 N. E. 607, which is not in point.

The act of 1923, p. 320, is void in its entirety, leaving act of 1919, p. 198, in full force. 36 Cyc. 978.

Mandate is proper writ to compel commission to issue certificate. State v. District Court, 40 Nev. 163.

*M. A. Diskin*, Attorney-General, and *Thos. E. Powell*, Deputy Attorney-General, for Respondents:

It is admitted that legislature cannot delegate power to make substantive law. The difficulty lies in determining application of rule to concrete cases. Courts are divided on the question. U. S. v. Grimaud, 55 L. Ed. 563; Wayman v. Southard, 6 L. Ed. 262.

The fixing of a license charge or tolls is administrative function. Garson v. Steamboat Canal Co., 43 Nev. 312.

An act which authorizes ordinance, if providing penalty for violation of regulations thereof, is not delegation of legislative power. Brodbine v. Revere (Mass.), 66 N. E. 607.

A statute may give authority to make laws and ordinances to mayor (Locke's Appeal, 72 Pa. St. 499); or to county commissioners. Hill v. Moody, 93 South. 422; Posey v. State (Ala.), 86 South. 117; Hoddard v. State, 201 Pac. 851.

Even though section 9 of act of 1923, p. 320, be unconstitutional, the remainder of act is not therefore necessarily void. Pitt v. Scrugham, 44 Nev. 427.

By the Court, SANDERS, J.:

On the 7th day of June, 1923, the Public Service Commission of Nevada refused to receive and act upon an application, duly filed, of Ginocchio Bros. for a certificate of public convenience to operate an auto freight transportation service between Carson City, in Ormsby County, and the town of Minden, in Douglas County, and points on Lake Tahoe, in Nevada, and all intermediate points. Ginocchio Bros., upon the refusal of the commission to receive and act upon their said application, petitioned this court for a writ of mandate to compel it so to do. But a single question is presented

by the petition for our consideration, and that is the constitutionality of the act of the last legislature entitled:

"An act to regulate the use and operation of motor trucks and motor vehicles, to define and classify them, to protect the public roads and highways of Nevada, to secure revenues for their improvement and maintenance, to provide for the issuance of certificates of public convenience and licenses by boards of county commissioners and the enactment of ordinances therefor, and other matters properly appertaining thereto, to prescribe penalties for the violation thereof, and repealing all acts and parts of acts in conflict therewith."   Statutes 1923, p. 320, c. 181.

A summary of the act follows:

"Section 1.  For the purpose of protecting the public roads and highways of this state and to secure revenues for their improvement and maintenance, the county commissioners of each and all the counties of Nevada shall, as soon as practicable after the passage of this act, not later than May 5, 1923, enact appropriate ordinance or ordinances licensing and regulating the use of motor trucks and motor vehicles, hereinafter defined, operating within, through or across any part or portion of any county in the state; and the power and duty so to do are hereby expressly delegated and imposed.

"Sec. 2.   Motor trucks and motor vehicles, for the purposes of this act, are defined as wheeled vehicles, propelled by steam, electricity, or gasoline, and used for the transportation of persons or merchandise for hire or used in the business of a common carrier of freight, merchandise, or passengers, not including railroad and railway cars and motor vehicles running only upon rails or tracks, or road, steam, electric, or gasoline rollers."

Section 3 makes provision for the boards of county commissioners to classify such vehicles for the purpose of the imposition of a license or licenses.

Section 4 makes it unlawful for motor trucks or motor vehicles, as defined, to be operated without the owner, licensee, operator, or user thereof, or the party

or parties responsible for their operation, first having applied for and received from the proper board of county commissioners within each and all the counties in which said motor truck or trucks, vehicle or vehicles proposes or expects to travel or operate a license or licenses, as provided by the act, and without having first paid the license fee or charge imposed or assessed by the board or boards, as provided, and imposes a penalty for its violation.

Section 5 provides how the licenses shall be furnished by the counties.

Section 6 provides for the record and the keeping of licenses.

Section 7 provides for the publication of ordinances in some newspaper published in the county.

Section 8 provides as follows:

"SEC. 8.   All revenues derived by the several counties from the collection of licenses and license fees herein provided shall be apportioned to the county general road fund for use, disposition and availability as now provided by law."

Section 9 provides as follows:

"SEC. 9.   *   *   *   Thereafter the issuance of certificates of public convenience to common carriers using motor vehicles or trucks is hereby delegated to the county commissioners of the respective counties, and said commissioners are hereby authorized and directed to follow, as closely as practicable, the laws and regulations under which such certificates are now issued by the public service commission.   But in all cases, upon application under oath of any interested party, setting forth good and sufficient reasons, the right to review, and to modify, annul or approve, any certificate or any ordinance provided for in this act, is hereby vested in said public service commission."

Section 10 makes each section of the act independent of the other, and provides that, if one section be declared unconstitutional it shall not invalidate the other sections of the act.

Section 11 is a general repeal of all conflicting acts.

With this summary of the law, we shall proceed to state and discuss the several objections raised to the constitutionality of the act in its entirety.

First, that the power conferred and the duty imposed upon the county commissioners to enact appropriate ordinance or ordinances licensing and regulating the use of motor trucks and motor vehicles, as defined in the act, operating within, through, or across any part or portion of any county in the state, as provided in section 1 of the act, is a delegation of legislative power. In support of this contention it is not urged or even pretended, that motor vehicles, as defined in the act, are not proper subjects of regulation, or that the legislature is without power to give full control over motor vehicles, as defined, to the municipal divisions of the state. Huddy on Automobiles, secs. 58–70.

1, 2. The objection to the statute is that it furnishes no standard for the regulation of motor vehicles as defined, and fixes no limit on the license to be imposed when classified, as pointed out in section 3 of the act. In this respect it is argued that the act does not measure up to the requirement or test that an act must be completed when it leaves the halls of the legislature. Undoubtedly the completeness of a statute when it leaves the hands of the legislature is one of the strongest proofs that it is not a delegation of legislative power. 6 Ruling Case Law, 165. In the present act the legislature has plainly declared the policy of the law, and clearly indicated the legal principles which are to control the commissioners in the exercise of the power conferred. All that is left for them to do is to carry out the purposes of the act in the manner prescribed in its several sections. It is true, the act cannot become effective or its penalty be enforced until the commissioners have enacted appropriate ordinances in execution of the law; but, when these administrative bodies have acted pursuant to the power conferred and the duty imposed, their ordinances become as much a part of the law as if the legislature had embodied them in

the law. The act is not left to go into effect on a contingency, or in case the commissioners deem it expedient to enact appropriate ordinances. The duty imposed upon them is mandatory, and when they have acted the law is as complete as if the legislature itself had established the standard and fixed, without condition, the amount of the license.

3. The case of Williams v. Evans, 139 Minn. 32, 165 N. W. 495, 166 N. W. 504, L. R. A. 1918F, 542, decides, and decides properly, that the legislature cannot delegate legislative power, but it may delegate authority or discretion, to be exercised under and in pursuance of the law. It may delegate power to determine some fact and state of things upon which the law (as here) makes its own operation depend.

4-7. To determine if the power conferred upon the commissioners is administrative or legislative, we need not look for example or illustration to cases dealing with rules and regulations adopted by administrative boards, such as medical boards, dental boards, commissions, etc. County commissioners are administrative agencies of the state. They are required by the organic law to perform such duties as may be prescribed by law (Section 26, Article 4, of the Constitution). Their duties are various and manifold. They proceed, in the exercise of their powers derived from law, by means of orders, ordinances, and resolutions duly passed and entered upon their records. In the present act the commissioners are not only required, but are commanded by the law, to enact appropriate ordinances to carry out the purposes of the act (Section 1). The legislature has declared by the act that the use of the public roads and highways within the state by motor trucks and motor vehicles engaged in the public service is a privilege for which they must pay, and are subject to regulation for the protection of the public roads and highways. To this end it is made the duty of the commissioners of the several counties to adopt appropriate rules by ordinance or ordinances licensing and regulating such

vehicles operating upon the public roads within the counties. The scope of the discretion granted the commissioners is well within the limits allowed by the constitution (Section 26, Article 4). In view of the purpose of the act, both as a police and revenue measure, we shall not indulge in any nice examination into the character of the power conferred to denude the commissioners of their utility as administrative agencies to execute the law. State ex rel. Mason v. Ormsby County, 7 Nev. 392. Neither are we to presume that the power conferred will be exercised arbitrarily.

8. It has ever been the policy of the state to delegate to the municipal divisions thereof its power over the control of the public roads, to make all needful regulations concerning the use thereof, and to provide means by which they may be improved and kept up. The introduction of motor vehicles as public conveyances has caused the legislature to extend its policy to reach the additional burden imposed upon the roads incident to the use of such vehicles as common carriers of freight and passengers for hire. We know of no restriction upon the legislature to prevent it from adopting the method it has by this act to protect the public roads and highways within the state and to secure revenue for their improvement and maintenance.

We have no hesitancy in holding that section 1, when read in the light of the declared purpose of the act and all the sections thereof, is not a delegation of legislative power in the sense that the legislature relegated from its hands the power to make a law licensing and regulating motor vehicles, as defined in the act, and conferred it upon the commissioners of each and all the counties of Nevada.

If further authority be desired for the conclusion reached, we cite Hill v. Moody, 207 Ala. 325, 93 South. 422; Posey v. State, 17 Ala. App. 448, 86 South. 117; Haddard v. State, 23 Ariz. 105, 201 Pac. 847; State v. Duval County, 76 Fla. 79 South. 693; Com. v. Slocum, 230 Mass. 180, 119 N. E. 687; Locke's Appeal, 72 Pa. 491, 13 Am. Rep. 716; 13 R. C. L. p. 79, sec. 70.

9. It is insisted that section 9 of the act purports to delegate legislative power to the public service commission. All we are asked to do by this proceeding is to compel the public service commission to receive and act upon petitioners' application for a certificate of public convenience. Section 9 is therefore not involved, and we pass no opinion upon its constitutionality.

10. It is urged in the second place that the act is violative of section 20, article 4, of the constitution, in that it is an attempt to regulate county affairs by a local or special law. This position is untenable. The law is a general law, applicable alike to each and all the counties of the state, and applies equally to all motor vehicles, as defined by the act without discrimination. The legislature decided what was proper and necessary to be done for the protection, improvement, and maintenance of the public roads and highways within the state, and to effect its purpose it selected the commissioners of each and all the counties of the state as its agents to execute the law. It is true the act contemplates that the owners and operators of motor trucks and motor vehicles, as defined, must procure a license from the county clerk of each and every county; but the same powers are bestowed upon the clerks of all the counties. It is probable that it would be in the interests of the owners and operators of such vehicles to encounter uniform regulations and licenses where they conduct an intracounty business. But the fact that diverse results may flow from the execution of the granted power does not make the enactment a local or special law to regulate county affairs.

11. The argument in the third place is that the act is violative of section 21, article 4, of the constitution, which provides:

" * * * Where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state."

The law is a general law, and of uniform operation throughout the state.

Entertaining these views, we conclude that the public

service commission was without jurisdiction to issue the certificate of public convenience as demanded by petitioners, and that their petition for a writ of mandamus must be dismissed.

It is so ordered.

ON PETITION FOR REHEARING

October 16, 1923.

*Per Curiam:*

Rehearing denied.