FRANK STOUTAMIRE, as Sheriff of Leon County, Florida, v. J. C. PRATT

5 So. (2nd) 248
En Banc
Opinion Filed December 2, 1941
Rehearing Denied January 7, 1942

*Leroy Collins* and *Guyte P. McCord, Jr.,* for Appellant;

*H. O. Pemberton,* for Appellee.

BUFORD, J.—Bill of complaint sought to enjoin the Sheriff of Leon County from interfering with plaintiff in the operation of a certain coin-operated slot machine.

The bill alleged:

"2. The machine for the operation of which said license was obtained consists of a cabinet with a glass top, under which seven (7) miniature mechanical horses race on a straight track, the length of the cabinet. The horses are named after famous race horses and at the end of the track and on top of the cabinet the names are embossed on a metal casting with numbers to correspond to numbers on the horses, so the person using the machine can readily identify any particular horse. On the top of the machine are seven (7) coin receptacles, each numbered to correspond to the number of one of the horses. The user selects his favorite horse by depositing a nickel in the coin receptacle designated for that horse and the coin remains visible during the race as a means of identifying the horse chosen as the favorite. When a coin is deposited in one of these receptacles and the trigger or switch on top of the cabinet is pulled, the horses race to the other end of the track, their variations in speed being controlled by a complicated electrical and pneumatic mechanism within the cabinet. A small flag or signal with the number of the winning horse appears at the end of the track when the race is completed and the horses automatically return to the starting point. The machine does not dispense any form of prize or reward, and the only benefit anyone can receive therefrom is the amusement which it affords.

"3. Plaintiff possesses and desires to operate in Leon County, Florida, a machine as described in the

preceding paragraph, such operation to be for amusement only and without said machine being used for gambling or as a game of chance, but the defendant has stated to the plaintiff that he will seize said machine and arrest plaintiff if the said machine is placed in operation in Leon County, Florida, because he alleges that the operation thereof will be in violation of the provision of Chapter 18143, Laws of Florida, Acts of 1937.

"4. Plaintiff alleges that operation of a machine as above described is not in violation of any law of the State of Florida, but that such operation is specifically authorized by the language of Section 19, of Chapter 20956, Acts of 1941, above quoted, and that said Section has the effect of amending any and all penal laws of the State of Florida to the extent of authorizing and permitting the operation of any coin-operated amusement machine that does not dispense any form of prize or reward, so long as such machine is not used for gambling or as a game of chance; and that the machine above dscribed is such a machine.

"5. Plaintiff alleges that he will be greatly injured if the defendant is permitted to carry out his threats and seize the machine described or arrest plaintiff for its operation."

On consideration of Motion to dismiss, the circuit court denied the motion and on the respondent declining to plead further, the Court entered its order, *inter alia,* as follows:

"It Is FURTHER ORDERED AND DECREED that the said defendant, Frank Stoutamire, as Sheriff of Leon County, Florida, be and he is hereby enjoined and restrained from interfering with plaintiff's operation of the coin-operated amusement machine described in the

Bill of Complaint herein and from seizing said machine and from arresting or in any way molesting plaintiff because of such operation;

"PROVIDED, however, that nothing herein shall be construed to enjoin or restrain the said defendant from arresting or in any other lawful manner interfering with any person who may be using said machine for gambling or as a game of chance, or from seizing said machine if so used."

Respondent appealed.

The slot machine described in the bill of complaint does not come within the purview of Sec. 2, Chapter 18143, Acts of 1937. The Act described a slot machine to be one "that is adopted for use in such a way that as a result of the insertion of a piece of money or .a coin or other object such machine or device is caused to operate, or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the *user may receive,* or *become entitled to receive,* any piece of money, credit, allowance or thing of value," etc.

The allegations of the bill of complaint here show that the user is not to receive or become entitled to receive any piece of money, credit or allowance or thing of value of any sort. As we construe the provisions of this Act with Section 19 of Chapter 20956, Acts of 1941, which, *inter alia,* reads: "This section shall license all coin-operated machines, contrivances or devices operated for amusement and that do not dispense any form of prize or reward, but shall not be construed to authorize the use of any machine, contrivance or device for gambling or as a game of chance.",—the legislative intent was to make it clear that machines of this sort should be lawful so long as

they are not used for gambling and that so long as such machines are not used for gambling they may be operated under the license provided for in the latter Act.

The machine as operated, as we see it, does not constitute a game of chonce within the purview of the statutes referred to because the user of this machine does not receive, or become entitled to receive, anything whatever.

Of course, almost any sort of a mechanical device may be used to determine the result of a wager. The ordinary coin-operated scales may be used for such purpose, thus: Three men may gamble on guessing the weight of a fourth man according to the mechanical coin-operated scales and, when they have each registered his guess, put a penny in the slot, have the fourth man step on the scales and thereby determine the winner. There is practically no limit to the matters which may be made the subject of gambling or wagers. Even a crooked gambling operation may be conducted with lumps of sugar. Two or more men place a lump of sugar on the table before them, put a pot to which each contributes, with the agreement that he wins on whose lump of sugar a fly first lights. The crook will unostentatiously dampen his lump of sugar and that lump will attract the fly quicker than either of the dry lumps.

The machine described in the Bill of Complaint unquestionably can be used as a means for gambling on an unpredictable result, but as long as it is not used for that purpose, but merely as a matter of amusement for those who play it, we think the legislature has made its use lawful by the phraseology used in the 1941 statute, *supra*.

With the wisdom or folly of legislation we are not judicially concerned.

For the reasons stated, the decree should be, and is, affirmed.

So ordered.

BROWN, C. J., CHAPMAN, THOMAS and ADAMS, J. J., concur.

WHITFIELD, J., dissents.

TERRELL, J., not participating.

WHITFIELD, J., dissenting.—The purpose of c. 18143, Acts of 1937, was to make it unlawful to manufacture, own, store, keep, possess, sell, rent, lease, let, lend, give away, use or operate slot machines or similar devices operated by the insertion of a coin or other object, as defined in the Act, and to provide for enforcing the statute.

Chapter 20956, Acts of 1941, amends previous statutes imposing license taxes for revenue purposes, and provides for enforcing the provisions of the Act. The chapter contains more than thirty-nine sections.

Section 19 of c. 20956, quoted above, contains the following:

"Every person who operates for profit any machine, contrivance, or device which is set in motion or made or permitted to function by the insertion of a coin or slug, shall pay" a stated "license tax."

"This section shall license all coin operated machines, contrivances or devices operated for amusement and that do not dispense any form of prize or reward, but shall not be construed to authorize the use of any machine, contrivance or device for gambling or as a game of chance."

And Section 36 is: "This act shall not be construed to authorize gambling or the operation of a lottery."

The operation of the machine described in the bill of complaint necessarily involves a game of chance, the outcome of which is unpredictable by the player, and is therefore not intended to be licensed for taxes under c. 20956, Acts of 1941, a revenue Act, which as shown by its terms was not intended to repeal or to supersede the essential provisions that the license tax Act shall not be construed to authorize the use of *any machine, contrivance* or *device* for gambling or *as a game of chance.* See Weathers v. Williams, 133 Fla. 367, 782 So. 764.

In Overby v. State, 18 Fla. 178, the revenue Act expressly authorized the licensing of "keno tables."